458 P.2d 581

Charles E. FROCK, H. Dean Frock and
Marcia I. Frock Eisler, Petitioners,

v.

Honorable Gerald D. FOWLIE, Judge of the
Second Judicial District in and for the
County of Bernalillo, Respondent.

No. 8820.

Supreme Court of New Mexico.

July 7, 1969.

Rehearing Denied Sept. 11, 1969.

A. H. McRae, C. LeRoy Hansen, Albuquerque, for petitioners.

Marron, Houk & McKinnon, Albuquerque, for respondent.

OPINION

TACKETT, Justice.

This court granted an alternative writ of mandamus directed to respondent, the Honorable Gerald D. Fowlie, Judge of the Second Judicial District in and for the County of Bernalillo, requiring him to assume jurisdiction of petitioners' appeal from probate proceedings in cause No. 3469 Probate, District Court of Bernalillo County, to the District Court of Bernalillo County in cause No. A–39665.

The issue involved in the case before us is whether or not statutory appeal provisions from the approval or disapproval of wills, §§ 30–2–16 and 16–4–18, N.M.S.A., 1953 Comp., apply when the probate proceedings are filed originally in the district court pursuant to § 16–3–20, N.M.S.A., 1953 Comp., which confers concurrent probate jurisdiction on the probate court and district courts.

Charles E. Frock was appointed administrator of the estate of Evelyn K. McDowell in cause No. 3469 Probate on the docket of the District Court for Bernalillo County, New Mexico. Proponents of an alleged last will and testament of decedent offered the will for probate and petitioners (the heirs at law of decedent) filed objections thereto. Subsequently, the Honorable John B. McManus, Jr., sitting in cause No. 3469 Probate, admitted the will to probate and construed it as containing implied gifts for the benefit of proponents and others. Petitioners appealed from the order of Judge McManus to the District Court of Bernalillo County, New Mexico, the appeal being docketed as cause No. A–39665, which was assigned to respondent Judge Fowlie.

As a result of a motion by the Albuquerque National Bank, the executor, and after a hearing thereon, Judge Fowlie, respondent, dismissed petitioners' appeal on March 26, 1969, for want of jurisdiction

over the subject matter, which action is the subject of these proceedings.

Section 30–2–16, supra, states:

"In any proceeding before the probate court relative to [the approval or disapproval of] wills (or estates), any party aggrieved by the decision of the court, shall have the right to appeal to the district court in the manner provided by law at any time within three [3] months after such decision is rendered; Provided, that if such appeal is not taken during the term of court at which the decision is rendered, citations shall be issued and served upon all parties interested other than the appellant."

 In the case of In re Riedlinger's Will, 37 N.M. 18, 16 P.2d 549 (1932), we considered this section in the light of § 30–2–11, N.M.S.A., 1953 Comp., and concluded that, upon appeal or transfer to the district court, jury trial could be had in will cases by either party on demand, whether or not the will had been approved by the probate court. See also Calloway v. Miller, 58 N.M. 124, 266 P.2d 365 (1954), and In re Owens' Estate, 63 N.M. 263, 316 P.2d 1077 (1957). Since there is no right to a jury in an original probate proceeding, State ex rel. Gallegos v. District Court, 40 N.M. 331, 59 P.2d 893 (1936), were we to hold that no appeal lies from the district court sitting in probate to the district court, sitting as a court of general jurisdiction, a jury would be unavailable in trials where the validity of a will is at issue when filed originally in the district court as permitted by § 16–3–20, supra, while a jury trial could be had in such a case upon appeal or transfer from the probate court itself. This surely was not the intent of the legislature when it adopted § 16–3–20, supra.

In the case before us, the district judge was sitting as a probate judge and was restricted to the powers of a probate judge. His decisions are transferable or appealable to the district court. In re Ward's Estate, 47 N.M. 55, 134 P.2d 539, 146 A.L.R. 826 (1943). Compare Swayze

v. Bartlett, 58 N.M. 504, 273 P.2d 367 (1954); In re Conley's Will, 58 N.M. 771, 276 P.2d 906 (1954); McCann v. McCann, 46 N.M. 406, 129 P.2d 646 (1942), and cases therein cited.

Mandamus is a proper remedy to compel a court to take action or assume jurisdiction, where it erroneously has dismissed a cause or refused to proceed because of supposed lack of jurisdiction. State v. Phelps, 67 Ariz. 215, 193 P.2d 921 (1948); State ex rel. Messelshell County v. District Court of Fifteenth Judicial District, 89 Mont. 531, 300 P. 235, 82 A.L.R. 1158 (1931); see also, Annot. 82 A.L.R. 1163; 55 C.J.S. Mandamus § 69 at 111.

The alternative writ of mandamus heretofore issued is made permanent. The trial judge is directed to reinstate the cause on the docket and proceed in a manner consistent with this opinion.

It is so ordered.

MOISE, COMPTON and WATSON, JJ., concur.

NOBLE, C. J., not participating.