533 P.2d 591

Alice A. BELL, Widow of L. N. Bell, Deceased, and Billy R. Bell, aka B. R. Bell, Petitioners,

v.

Hon. Edmund H. KASE III, Judge of the District Court of the Seventh Judicial District in and for Sierra County, Sitting as Probate Judge, and Marrilee Helfrich, Clerk of the District Court of Sierra County, New Mexico, Respondents.

No. 10142.

Supreme Court of New Mexico.

April 4, 1975.

Perry S. Key, Oliver Burton Cohen, Albuquerque, for petitioners.

Clarence R. Bass, Robert C. Resta, Albuquerque, Walter K. Martinez, Grants, for respondents.

OPINION

McMANUS, Chief Justice.

This court granted an alternative writ of mandamus directed to respondent, the Honorable Edmund H. Kase III, Judge of

the District Court of the Seventh Judicial District in and for the County of Sierra, commanding him to issue an order granting the motion for appeal filed in Probate No. 277, Sierra County District Court.

The issue involved in the case before us is whether decisions made by a district judge sitting in probate are appealable to the district court sitting as a court of general jurisdiction.

In December 1972, the last will and testament of L. V. Bell, deceased, was filed in Sierra County, and admitted to probate on January 23, 1973. Prior to the filing of the will in Sierra County in the aforementioned cause, Alice A. Bell, widow of L. V. Bell, had been appointed special administratrix of the estate of L. V. Bell. This appointment took place in the District Court, sitting in Probate, Bernalillo County probate cause No. 4975, on October 4, 1972. Further, in the Bernalillo County cause the administratrix applied for and was granted a widow's allowance by an order of James A. Maloney, District Judge. Thereafter, by stipulation of the parties, the Bernalillo County probate cause was transferred to Sierra County. Subsequent to the transfer, Judge Kase refused to honor Judge Maloney's order allowing a widow's allowance, and set that matter, along with others, for hearing on May 1, 1974.

After the May 1, 1974, hearing, Judge Kase made the following rulings:

(1) Denied the aforementioned widow's allowance in an order entered May 23, 1974.

(2) Denied the petition of Alice A. Bell for payment and delivery of exempt property to the widow in an order entered July 30, 1974.

(3) Granted a petition for partial attorney fees in an order entered July 3, 1974.

(4) Denied a petition to remove executrices in an order filed July 1, 1974.

Petitioner filed a motion for appeal from the orders filed May 23, July 1, and July 30, 1974. The motion was denied, whereupon this proceeding was initiated.

The issues raised in this proceeding concern the provisions of N.M.Const., Art. VI, § 27, reading:

"Appeals shall be allowed in all cases from the final judgments and decisions of the probate courts and other inferior courts to the district courts, and in all such appeals, trial shall be had de novo unless otherwise provided by law."

The above provision must be read in conjunction with § 30-2-24, N.M.S.A.1953 (Supp.1973), which confers concurrent jurisdiction on the district courts with the probate courts, as follows:

"In addition to other jurisdiction, the district courts have concurrent jurisdiction with the probate courts in each county within their respective judicial districts as to all matters within the jurisdiction of the probate courts. As a part of their general jurisdiction, the district courts may determine heirship in any probate or administration proceeding, whether the proceeding originates in the district court or has been transferred thereto under provisions of law."

Petitioners rely on Frock v. Fowlie, 80 N.M. 506, 458 P.2d 581 (1969) to support their contention that a district judge sitting in probate is inferior to a district judge sitting as a court of general jurisdiction. We cannot agree. The holding in Frock is limited to the determination of validity or invalidity of wills, and its sole purpose was to protect the right of a jury trial as conferred by § 30-2-16, N.M.S.A.1953. An order from a district court sitting in probate, therefore, is not appealable to a district court of general jurisdiction.

We do not believe by conferring additional jurisdiction on a district court, the Legislature, in effect, makes it two courts, one with general jurisdiction and the other with limited jurisdiction, and thereby gives the power and imposes the obligation to review de novo under its powers of general jurisdiction what it has done pursuant to

its powers of limited jurisdiction. That is, we do not have district courts of general jurisdiction and inferior courts of limited jurisdiction within one district court framework.

The alternative writ of mandamus heretofore issued is quashed, having been improvidently granted. The trial judge is directed to proceed with the cause in a manner consistent with this opinion.

It is so ordered.

OMAN and MARTINEZ, JJ., concur.