This is an adoption case.
After the final judgment of the probate court approved the Enlows' adoption of two children, the paternal grandparents, the Hickses, appealed to the circuit court. The circuit court dismissed their appeal on the ground that an appeal did not lie from the probate court to the circuit court in such cases. The paternal grandparents then appealed from the circuit court to this court. *Page 692 
Appeals from the probate court to the circuit court are authorized in seven certain designated types of cases by section 12-22-21 of the 1975 Code, but those provisions do not here apply because appeals in adoption cases are not mentioned in that code section.
The general statute as to appeals from the probate court, which has been in effect for over a century without any material change, provides in pertinent part that an appeal lies to the circuit court or supreme court from any final decree of the probate court. § 12-22-20, Code 1975. However, when the court of civil appeals was established in 1969, this court was granted exclusive appellate jurisdiction as to all appeals in adoption cases. § 12-3-10, Code 1975.
It is true that the final judgment of adoption as rendered by the probate court was a final judgment, and that an appeal therefrom to the circuit court or supreme court would be authorized under section 12-22-20 in the absence of any other special legislative provision as to adoption appeals. However, section 12-22-20 is general in nature and the legislature in 1969 by means of section 12-3-10 enacted that special provision which deals expressly with that precise subject. That specific provision, which grants to this court exclusive appellate jurisdiction over appeals in adoption cases, must be construed as an exception to the general law and the exception must control since the general must yield to the special. State v.Elliott, 246 Ala. 439, 21 So.2d 310 (1945). Herring v. Griffin,211 Ala. 225, 100 So. 202 (1924). In short, appeals from the probate court in adoption cases must be to this court, which is granted exclusive appellate jurisdiction over such appeals. §12-3-10, Code 1975.
Since there was no legislative authority for the grandparents to appeal to the circuit court from the final order of adoption as entered by the probate court, the circuit court properly dismissed the paternal grandparents' appeal. Since the paternal grandparents are appealing only from the circuit court's action dismissing the appeal, we are required to grant the Enlows' motion to dismiss the Hickses' appeal to this court. Davis v.Townson, 437 So.2d 1305 (Ala.Civ.App. 1983); Hallman v. City ofNorthport, 386 So.2d 756 (Ala.Civ.App. 1980).
The paternal grandparents have two motions which are pending in this court, and they are overruled.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.