Alice D. McWhite, mother of the two parties to this suit, died intestate. James H. McWhite, the appellee, filed a petition for letters of administration, which was granted by the Probate Court of Jefferson County, Alabama. On December 21, 1988, McWhite filed a complaint against his sister, Diana McWhite Goss, now remarried and known as Diana McWhite Schroeder. McWhite alleged fraud and sought to have Schroeder return to the estate money and personal property belonging to their deceased mother. Mrs. Schroeder answered this complaint by sending a handwritten letter to the probate court containing certain account statements and setting forth her grounds for denial. A hearing was held on March 11, 1988, at which oral testimony was taken, and the trial judge ordered as follows:
"ORDER
 "This cause, coming on to be heard on the Plaintiff's Complaint for properties taken by the Defendant, Diana McWhite Goss, and by the testimony offered to the court, it is hereby ORDERED, ADJUDGED and DECREED:
 "1. The personal properties, coins, silver and china, furniture and furnishings taken by the Defendant, from the homeplace of the Deceased, Alice D. McWhite, shall be returned to the said administrator for distribution. The value of said property being testified to as worth $30,000.00. If said properties are not returned, the estate shall have a judgment against the Defendant in the sum of Thirty Thousand and no/100 Dollars ($30,000.00).
 "2. The moneys taken from the account of the Decedent immediately prior to the death shall be returned to the account of the Estate of Alice D. McWhite. Said moneys were misappropriated and taken from Mrs. McWhite's account without her approval and said funds totaling approximately $13,900.00 shall be returned to said estate or a judgment shall be rendered. The estate shall have a judgment for said sum against the Defendant, if said sum is not returned within thirty days of the date of the decree.
 "3. That all moneys and certificates of deposit and securities were set up by the Deceased, Alice D. McWhite, for payment of bills and/or funeral expenses incurred by the Deceased. Said accounts were set up numerous years ago and were to be used by the estate to pay off her last illness and funeral expenses and thereafter these funds were to be divided equally between the two children of the Deceased. The funds were misappropriated by the Defendant. Therefore, all moneys, said certificate of deposit and savings and checking accounts of the Deceased are to be returned to the Estate of Alice D. McWhite to be divided between the heirs within thirty (30) days of the decree. If said sum, being a total of Forty One Thousand Eight Hundred Forty *Page 318 
and no/100 Dollars ($41,840.00), [is] not returned, the Estate shall have a Judgment against the Defendant in the sum of Forty One Thousand Eight Hundred Forty and no/100 Dollars ($41,840.00).
 "DONE and ORDERED this the 11th day of March, 1988.
 "/s/ O.H. Florence "Probate Judge"
(C.R. 26-27). No assets were returned to the estate. Mrs. Schroeder, did not appeal from this ruling.
On June 10, 1988, the appellant filed in the probate court a motion for relief from the order, pursuant to Rule 60(b), A.R.Civ.P., in which she prayed that the court would vacate the order of March 11, 1988. The appellee then filed a petition to have the assets of the estate returned. Both petitions were heard by the probate judge of Jefferson County. By order dated August 12, 1988, he denied the appellant's motion for relief from the order and granted the appellee's petition to have the assets returned:
 "This being the day heretofore appointed for hearing the application of Dianne [sic] McWhite Goss, heir of Alice D. McWhite, an [sic] on her motion for relief of order pursuant to Rules 59 and 60(b) of the Alabama Rules of Civil Procedure. This also being the day appointed for hearing the petition to return assets filed by James H. McWhite, Jr., administrator of the estate of Alice D. McWhite, deceased. Come now the attorneys for each petitioner and move the Court to grant the prayer of each petition.
 "And the Court after hearing said petitions and arguments of counsel, is of the opinion that the motion for relief be denied and that the petition to return assets should be granted. It is therefore,
 "ORDERED, ADJUDGED AND DECREED by the Court that the motion for relief of order pursuant to rules 59 and 60(b) of the Alabama Rules of Civil Procedure heretofore filed in the above estate is hereby denied and that the petition to return assets in the estate of Alice D. McWhite, deceased is hereby granted.
 "Done and Ordered this the 12th day of August, 1988.
 "/s/ O.H. Florence "Judge of Probate"
(C.R. 37). The appellant filed her notice of appeal of this order to the circuit court on September 22, 1988.
The appellee then filed in the circuit court a motion to dismiss that appeal. A hearing was held on that motion on August 2, 1989, and the circuit judge dismissed the appeal. Mrs. Schroeder then appealed that dismissal to this Court.
The only issue before this Court is whether the trial court erred in dismissing Mrs. Schroeder's appeal to the circuit court from the order of the probate court.
Under Act No. 1144, Ala. Acts 1971, the probate court in a county having a population of 500,000 or more has general jurisdiction concurrent with that of the circuit court when equitable jurisdiction is invoked. Thus, when equitable jurisdiction is invoked by either the parties or the court in the Jefferson County Probate Court, an appeal lies to the Supreme Court. Act No. 1144 provides in pertinent part as follows:
 "Section 4. Appeals may be taken from the orders, judgments and decrees of such a Probate Court, relating to the administration of such aforesaid estates, including decrees on partial settlements and rulings on demurrer, or otherwise, relating to action taken pursuant to jurisdiction conferred by this act, to the Supreme Court within thirty days from the rendition thereof, or within thirty days from the decision of such a Probate Court on a motion for new trial, in the manner and form as is provided for appeals from the Probate Courts to the Supreme Court."
Here, the appellant, Mrs. Schroeder, filed a motion for relief under A.R.Civ.P. 59 and 60(b), invoking the equity jurisdiction of the Jefferson County Probate Court. Her appeal would not lie to the circuit court, for the obvious reason that the ruling on her motion was by the probate court acting in *Page 319 
its exercise of jurisdiction concurrent with that of the circuit court.
The trial judge did not err in dismissing her appeal to the circuit court. The dismissal is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.