758 So.2d 526 (1999)
Rodgetta Colvin JETT
v.
Sue CARTER.
1981628.
Supreme Court of Alabama.
December 30, 1999.
James M. Wooten, Birmingham, for appellant.
Emory Anthony, Jr., Birmingham, for appellee.
SEE, Justice.
This appeal concerns whether the Jefferson Circuit Court erred by dismissing an appeal from a final judgment of the Jefferson Probate Court. In dismissing the appeal, the circuit court, relying on Schroeder v. McWhite, 569 So.2d 316 (Ala. 1990), held that appeals from the Jefferson Probate Court lie only to this Court if the probate court was exercising jurisdiction concurrent with that of the circuit court. Because we reject the rule of Schroeder and hold that the appeal was properly in the circuit court, we reverse that court's dismissal of the appeal and remand this case for further proceedings.

I.
In January 1994, Mary Craig Bryant executed a will (the "1994 will") in which she named Sue Carter as executor and *527 sole beneficiary of her estate.[1] Mrs. Bryant's husband died in the spring of 1994, and Mrs. Bryant became dependent upon Malcolm Sylvester Jones, a good friend of Mr. and Mrs. Bryant's.[2]
When she made the will, Mrs. Bryant's assets included her home and about $40,000 in a savings account. With Mrs. Bryant's consent, Jones hired Rodgetta Colvin Jett to be Mrs. Bryant's live-in caretaker. In return for her services, Jett received a salary of $450 per week, plus room and board in Mrs. Bryant's home. Jett received her weekly salary until November 1994, when a dispute arose between Jones and Linda Williams, Mrs. Bryant's great-niece, over control of Mrs. Bryant's assets. Jones discontinued his services to Mrs. Bryant, but Williams did not step in to perform his responsibilities. Jett continued to care for Mrs. Bryant, but was not paid for either November or December of 1994.
In January 1995, Mrs. Bryant signed three documents: (1) a warranty deed conveying her home to Jett; (2) a durable power of attorney naming Jett as her attorney-in-fact; and (3) a will naming Jett as her executor and sole beneficiary (the "1995 will"). In February 1995, Jett used the power of attorney to transfer the $15,987 then remaining in Mrs. Bryant's savings account to Jett's account. Mrs. Bryant died shortly thereafter. Jett arranged for her funeral and paid the funeral expenses.
In April 1995, Carter filed the 1994 will for probate. Jett unsuccessfully contested that will in the Jefferson Probate Court, and the probate court issued letters testamentary to Carter in October 1995. As executor, Carter filed a motion in the probate court to set aside the transfer of Mrs. Bryant's home and the transfer of the money from her savings account. She also sought to contest the 1995 will, even though Jett had not yet filed that will for probate. In March 1996, the probate court declared that the deed purporting to transfer Mrs. Bryant's home to Jett was void. The probate court also held that the transfer of money to Jett created a trust for Mrs. Bryant's benefit. Accordingly, the probate court ordered Jett to account for the funds. The probate court, however, disallowed Carter's contest of the 1995 will, stating that "[i]f Ms. Jett wishes to file the [1995 will] for probate, the same will be duly set for hearing and notice given to the presently appointed Executrix." In its order, the probate court noted that its "equity powers" had been invoked.
In April 1996, Jett appealed to the Jefferson Circuit Court from the probate court's order declaring that the transfer of the house was void. The circuit court dismissed the appeal, stating: "Based upon Act No. 1144, Acts of Alabama (1971), and the ruling in the case of Schroeder v. [McWhite], 569 So.2d 316 [Ala.1990], this Court finds that the appeal from the order of the Probate Court was required to be taken to the Alabama Supreme Court and not to the Circuit Court of Jefferson County." Jett did not appeal from that dismissal.
Also in April 1996, Jett filed a petition to probate the 1995 will. In June 1996, she filed an amended petition to probate that will. She did not, however, give notice to Carter of either petition. In July 1996, although the probate court had already admitted the 1994 will to probate and had granted letters testamentary to Carter, that court entered orders admitting the 1995 will to probate and granting letters testamentary to Jett.
In November 1997, Carter filed a "Petition to Contest Will" in the probate court. In her petition, Carter asserted that the 1995 will was invalid because, she claimed, *528 Mrs. Bryant had lacked the capacity to make that will and Jett had obtained it by undue influence. The probate court agreed, and on February 26, 1998, declared the will invalid.
On March 18, 1998, Jett filed in the probate court a document entitled "Motion for JNOV or, in the Alternative, Motion for Relief from Judgment or Order." This document stated that the alternative relief sought, that is, relief from the judgment holding that the 1995 will was invalid, was relief pursuant to Rule 60, Ala. R. Civ. P. The probate court denied the motion.
Exactly 42 days later, Jett filed a notice of appeal in the probate court, indicating that she was appealing that court's order invalidating the 1995 will to the Jefferson Circuit Court.[3] Carter moved the circuit court to dismiss Jett's appeal, arguing that, on the authority of Schroeder v. McWhite, 569 So.2d 316 (Ala.1990), the circuit court did not have jurisdiction of the appeal. The circuit court dismissed the appeal, holding that Jett's "Motion for JNOV or, in the Alternative, Motion for Relief from Judgment or Order," effectively invoked the probate court's equity jurisdiction, and that, therefore, Jett's appeal lay only to this Court. Jett moved the circuit court to reconsider its dismissal. The circuit court denied the motion. Jett then filed this appeal.

II.
Jett argues that the circuit court should not have dismissed her appeal. Under Schroeder, this Court has exclusive jurisdiction over an appeal from an order of the Jefferson Probate Court denying a motion for relief from judgment, see 569 So.2d at 318-19; thus, Jett argues that her appeal to the circuit court was not from the probate court's denial of her postjudgment motion, but instead was from the probate court's order declaring the 1995 will invalid.
The general law governing appeals from the probate court is set forth in Ala.Code 1975, §§ 12-22-20 through 12-22-27. Section 12-22-20 provides:
"An appeal lies to the circuit court or Supreme Court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge; and, in all cases where it may of right be done, the appellate court shall render such decree, order or judgment as the probate court ought to have rendered."
However, not all appeals from final judgments of the probate court lie to the circuit court. For example, an appeal from a probate court's final judgment of adoption lies exclusively to the Court of Civil Appeals. See Ala.Code 1975, § 12-3-10; In re Hicks, 495 So.2d 691, 692 (Ala.Civ.App. 1986). Section 12-22-20 must be read together with § 12-22-21, which provides the time periods allowed for appeals to the circuit court from seven kinds of decisions of the probate court. That section provides, in part:
"Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or Supreme Court in the cases hereinafter specified. Appeals to the Supreme Court shall be governed by the *529 Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in such cases shall be within the time hereinafter specified:
"(1) From the decree, judgment or order on a contest as to the validity of a will, to be taken within 42 days after the determination of the contest...."
Alabama appellate courts have held that an appeal from the probate court may be taken to the circuit court only in the seven kinds of cases specified in § 12-20-21 or in the kinds of cases specified in other statutes allowing for appeal from the probate court to the circuit court. See Franks v. Norfolk S. Ry., 679 So.2d 214, 216 (Ala. 1996); SC Realty, Inc. v. Jefferson County, 638 So.2d 1343, 1345 (Ala.Civ.App.1993); and In re Hicks, supra, 495 So.2d at 692.
Act No. 1144, Ala. Acts 1971 (Reg.Session), a local act, applies to cases originating in the Jefferson Probate Court. It grants to the Jefferson Probate Court "general jurisdiction concurrent with that of the Circuit Courts of this State, in equity, in the administration of the estates of deceased persons, minors and insane or non compos mentis persons, including testamentary trust estates." (§ 1.) Thus, Act No. 1144 grants the Jefferson Probate Court broader jurisdiction than is otherwise granted to the probate courts of this state. It also provides:
"Appeals may be taken from the orders, judgments and decrees of such a Probate Court, relating to the administration of such aforesaid estates, including decrees on partial settlements and rulings on demurrer, or otherwise relating to action taken pursuant to jurisdiction conferred by this act, to the Supreme Court within thirty days from the rendition thereof, or within thirty days from the decision of such a Probate Court on a motion for new trial, in the manner and form as is provided for appeals from the Probate Courts to the Supreme Court."
Act No. 1144, § 4.[4] Whether and how this section alters the general laws governing appeals from probate courts is at issue in this case. It was also at issue in Schroeder.
In the Schroeder case, Schroeder appealed from an order of the Jefferson Probate Court denying her motion for relief from a judgment that required her to return substantial assets to the administrator of a decedent's estate. 569 So.2d at 318. Schroeder appealed to the circuit court. The circuit court dismissed her appeal, holding that an appeal from an order denying relief from a judgment did not lie to the circuit court because, that court stated, such an order was not included in the seven categories listed in § 12-22-21. Schroeder appealed to this Court from the circuit court's dismissal of her appeal. This Court held that her appeal did not lie to the circuit court, "for the obvious reason that the ruling on her motion was by the probate court acting in its exercise of jurisdiction concurrent with that of the circuit court." 569 So.2d at 318-19.
Because the appeal in Schroeder did not involve one of the seven categories listed in § 12-22-21, the circuit court correctly dismissed the appeal, and this Court's affirmance of that dismissal was also correct. However, the reason this Court gave for its holding in Schroederthat the appeal did not lie to the circuit court because, in entering the order appealed from, the probate court was exercising jurisdiction concurrent with that of the circuit courthas *530 been problematic to apply. Thus, an appeal, taken in reliance on the general law, to the Jefferson Circuit Court from a final judgment of the Jefferson Probate Court, may, under the rule in Schroeder, be dismissed[5]
We have found no authority other than Schroeder for disallowing an appeal from one court to another on the basis that the first was "acting in its exercise of jurisdiction concurrent with that of the" other court.[6]Schroeder, 569 So.2d at 318-19. Most important is the fact that we find no authority for that proposition in Act No. 1141, which explicitly states that "it is not intended hereby to in any manner limit or restrict ... the right to appeal from orders, judgments and decrees of the Probate Judges of such counties in the manner as now provided by law." Act No. 1141, § 6.
Moreover, the rule of Schroeder, if carried to its logical conclusion, would preclude a circuit court from reviewing any probate-court decision relating to the administration of an estate, because the administration of an estate can be removed from the probate court to the circuit court.[7] See Ala.Code 1975, § 12-11-41. Such a result would be inconsistent with the general laws of this state and would be unwarranted. See Franks v. Norfolk S. Ry., 679 So.2d at 216 (holding proper an appeal to the circuit court from a probate court's order appointing an administrator for the purpose of bringing a wrongfuldeath action).
Another possible reading of Schroeder is that it precludes appeals from the Jefferson Probate Court to the Jefferson Circuit Court when the order appealed from was entered by the Jefferson Probate Court in the exercise of the jurisdiction granted to it by Act No. 1144. Under such a rule, a party seeking to appeal from a decision of the Jefferson Probate Court would have to determine whether a probate court would have had jurisdiction to make such a decision under the general laws or whether the Jefferson Probate Court had jurisdiction only pursuant to Act No. 1144. Such a rule would be difficult to apply, however, because the scope of the jurisdiction conferred by Act No. 1144 is not precisely defined.[8]
*531 Because the Schroeder rule is inconsistent with the plain language of Act No. 1144, because it is not supported by authority, and because it frustrates the purpose of Act No. 1144, we reject it.[9]

III.
Jett's notice of appeal states that her appeal was from the probate court's order invalidating the 1995 will. Under Ala.Code 1975, § 12-22-21(1), an appeal lies to the circuit court "[f]rom the decree, judgment or order on a contest as to the validity of a will, to be taken within 42 days after the determination of the contest." Thus, Jett's appeal from the probate court's judgment was within a category of judgments from which appeal to the circuit court is permitted. Although Jett's motion for relief from the judgment invalidating the 1995 will stated that it was made pursuant to Rule 60, Ala. R. Civ. P., it was filed within 30 days after the judgment and it is in substance a motion to alter, amend, or vacate the judgment pursuant to Rule 59(e). See Ex parte Johnson, 673 So.2d 410, 412 (Ala.1994). This motion suspended the running of the time allowed for filing a notice of appeal. See Rule 4(a)(3), Ala. R.App. P. Thus, Jett's appeal to the circuit court was timely.

IV.
Because the circuit court had jurisdiction over Jett's appeal, we reverse the judgment of that court dismissing the appeal. We remand this case for further proceedings in that court.
REVERSED AND REMANDED.
HOOPER, C.J., and MADDOX, HOUSTON, BROWN, and ENGLAND, JJ., concur.
LYONS, J., concurs specially.
COOK, J., concurs in the result.
LYONS, Justice (concurring specially).
I concur in overruling Schroeder v. McWhite, 569 So.2d 316 (Ala.1990). I agree with the majority that Schroeder reached the correct result in finding no appellate jurisdiction in the circuit court, but for the wrong reason, because the order appealed from in Schroeder did not fall within one of the seven kinds of proceedings for which an appeal to circuit court is authorized by § 12-22-21, Ala. Code 1975.
That portion of § 4 of Act No. 1144 conferring the right to appeal uses the words "Appeals may be taken ... to the Supreme Court." If the Legislature had intended to limit the litigant to an appeal to the Supreme Court, it easily could have done so by using more restrictive language, such as "an appeal shall lie to the supreme court," and omitting the saving clause of § 6. The most persuasive portion of the majority opinion appears in its reference to the saving provision of § 6 of Act No. 1144, which reads as follows:
"The jurisdiction conferred by this act on the Probate Courts and the Probate Judges of such counties is intended to be cumulative only, and it is not intended hereby to in any manner limit or restrict the present jurisdiction of the Circuit Courts or the Probate Courts of such counties, including, without limitation, the right to appeal from orders, judgments and decrees of the Probate *532 Judges of such counties in the manner as now provided by law."
(Emphasis added.)
The Legislature has, for many years, through local acts, conferred equity jurisdiction on the probate courts of Jefferson and Mobile Counties. From the earliest version of the local act relating to Jefferson County, it is apparent that the legislation was enacted to obtain the benefit of the rules of practice for circuit courts sitting in equity, provisions for depositions, and compulsory process for attendance of witnesses in disposition of the cases falling within the probate court's jurisdiction. See Act No. 633, Ala. Acts 1939; Ala.Code 1940, Tit. 62, § 181(1). Today's decision recognizes that litigants are exposed to the prospect of having the circuit court or this Court review orders of the probate court that are appealable under § 12-22-21, regardless of whether the probate court was exercising its statutory equitable jurisdiction. The fact that the statute creates a potentially costly and unjustifiable review mechanism that allows two bites at the apple is a matter for the Legislature.
COOK, Justice (concurring in the result).
I agree with the majority that the judgment should be reversed and the case remanded. However, I do not agree that this case warrants the overruling of Schroeder v. McWhite, 569 So.2d 316 (Ala. 1990).
In this case, the circuit court dismissed an appeal from the probate court on the basis that it did not have jurisdiction to hear appeals from the probate court when the probate court was exercising equitable jurisdiction concurrent with that of the circuit court. The circuit court held that the proper forum for appeal from the probate court, when it is exercising jurisdiction concurrent with that of the circuit court, is the Supreme Court. See Schroeder.
The majority's opinion overrules Schroeder, which held that the circuit court may not hear an appeal from the probate court when the probate court is exercising jurisdiction concurrent with that of the circuit court. 569 So.2d at 318. In Schroeder, this Court held that "Under Act No. 1144, Ala. Acts 1971, the probate court in a county having a population of 500,000 or more has general jurisdiction concurrent with that of the circuit court when equitable jurisdiction is invoked." 569 So.2d at 318. When the probate court exercises equitable jurisdiction, Act No. 1144 allows for an appeal to be taken directly from the probate court to this Court. However, Act No. 1144, § 6, states:
"The jurisdiction conferred by this act on the Probate Courts ... is intended to be cumulative only, and it is not intended hereby to in any manner limit or restrict the present jurisdiction of the Circuit Courts or the Probate Courts of such counties, including, without limitation, the right to appeal from orders, judgments and decrees of the Probate Judges of such counties in the manner as now provided by law."
Section 4 of Act No. 1144, was intended to create another method of appeal, not take away the preexisting methods of appeal provided by statute, now found at § 12-22-21, Ala.Code 1975. Similarly, nothing in Schroeder purports to abolish the methods of appeal provided in that statute. Schroeder merely holds that when the probate court exercises its equitable jurisdiction, the proper court in which to appeal is the Supreme Court.
In this case, the circuit court erroneously applied the rationale in Schroeder. The probate court never invoked its equitable jurisdiction when it declared Mrs. Bryant's 1995 will invalid. The probate court was not exercising jurisdiction concurrent with that of the circuit court; thus, the application of Schroeder to this case was in error. Because Schroeder does not conflict with § 12-22-21, Ala.Code 1975, and because it was erroneously applied to this case, there *533 are no grounds upon which to overrule Schroeder.
The determination of jurisdiction in this case is controlled by § 12-22-21. Jett's appeal to the circuit court was based on the February 26, 1998, order that declared Mrs. Bryant's 1995 will invalid. Thus, her appeal falls within one of the seven statutory instances in which an appeal may lie to the circuit court pursuant to § 12-22-21.[10] By statute, the circuit court undeniably had jurisdiction to hear Jett's appeal. Therefore, I agree that the judgment in this case should be reversed and the case remanded.
NOTES
[1] Carter was a cousin of Mrs. Bryant's husband.
[2] Mrs. Bryant was in her 90s, suffered from diabetes, had some mental problems, and had previously had both legs amputated.
[3] Because of a clerical error in the circuit court, the case number of Jett's appeal from the order admitting the 1994 will to probate, CV-96-3200, was assigned to the appeal from the order declaring the 1995 will invalid. The circuit court dismissed the appeal from the order declaring the 1995 will invalid. Jett moved the circuit court to "reconsider" its dismissal. After a hearing, the circuit court denied that motion, stating, "[A]ll issues in this case were adjudicated by this Court's judgment entered July 8, 1997. The appeal the Appellant is attempting to take in this case at this time involves a completely separate will that was never a part of CV-96-3200, and therefore, an appeal of the second will would be a totally separate case." Jett moved the probate court to recertify her appeal to the circuit court. The probate court granted that motion and recertified Jett's appeal to the circuit court with a note explaining the problem with the case numbers. As a result, the effective date of Jett's appeal was the date she originally filed her notice of appeal.
[4] We note that Act No. 1144 provides for appeals to this Court within 30 days of the probate court's judgment; however, under Ala.Code 1975, § 12-22-21, appeals to this Court are "governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal." Under Rule 4, Ala. R.App. P., the general rule is that a notice of appeal is timely if filed within 42 days after the entry of the judgment or order appealed from. The issue whether this Court would have jurisdiction of an appeal from the Jefferson Probate Court filed more than 30 days, but not more than 42 days, after that court's judgment is not currently before us, however, and we do not decide that issue today.
[5] A similar problem has arisen relating to appeals from the Mobile Probate Court. See Russell v. Russell, 758 So.2d 533 (Ala.1999). By a local act similar to Act No. 1144, the Legislature granted the Mobile Probate Court general and equity jurisdiction in the administration of estates concurrent with that of the circuit court, and provided that "appeals from the orders, judgments and decrees of such Probate Courts, relating to the administration of such estates ... lie to the Supreme Court." Act No. 91-131, Ala. Acts 1991 (amending Act No. 974, § 5, Ala. Acts 1961 (Reg.Session)).
[6] The case closest to being on point appears to be Bell v. Kase, 87 N.M. 358, 533 P.2d 591 (N.M.1975). In that case, the Supreme Court of New Mexico held that, although an appeal from a probate court did lie to a district court, an appeal from a district court acting in probate matters did not lie to another district court. The principle of Bell is inapplicable to this case, however, because that case deals with an appeal to a court of equal stature and not with an appeal from an inferior court to a supervisory court with concurrent jurisdiction.
[7] For example, the circuit court has jurisdiction to decide whether to grant letters testamentary to a party when the case has been removed from the probate court.
[8] The general law granting jurisdiction to the probate courts is found in Ala.Code 1975, § 12-13-1, which provides that the probate courts "have original and general jurisdiction" over 11 enumerated matters. Although this Court has consistently held that the jurisdiction of probate courts, under the general laws, is limited to those matters enumerated in the statutes granting jurisdiction to those courts, the general law vests the probate courts with "original and general jurisdiction in practically all matters having to do with probate and administration of decedents' estates." Ex parte Creel, 719 So.2d 783, 785 (Ala.1998) (quoting Opinion of the Justices No. 187, 280 Ala. 653, 657, 197 So.2d 456, 460 (1967)). Thus, given the breadth of the jurisdiction granted to probate courts under the general laws, determining whether the Jefferson Probate Court has acted pursuant to that jurisdiction or pursuant to the jurisdiction conferred by Act No. 1144 can involve a searching inquiry. This inquiry, however, imposes an unnecessary burden on parties and frustrates the stated purpose of Act No. 1144, which is "to expedite and facilitate the administration of estates and such other matters as are mentioned herein." Act No. 1144, § 6. Moreover, the outdated language of Act No. 1144 tends to lead a party to erroneously inquire whether a decision of the Jefferson Probate Court was a decision in law or was one in equity.
[9] Because the issue whether Jett's appeal was technically from the probate court's judgment invalidating the 1995 will or was from its order denying Jett's motion for postjudgment relief is relevant only to an analysis under the Schroeder rule, we need not address that issue.
[10] Section 12-22-21 reads:

"Appeal to the circuit court in such cases shall be within the time hereinafter specified:
"(1) From the decree, judgment or order on a contest as to the validity of a will...."