I concur in overruling Schroeder v. McWhite, 569 So.2d 316
(Ala. 1990). I agree with the majority that Schroeder reached the correct result in finding no appellate jurisdiction in the circuit court, but for the wrong reason, because the order appealed from in Schroeder did not fall within one of the seven kinds of proceedings for which an appeal to circuit court is authorized by § 12-22-21, Ala. Code 1975.
That portion of § 4 of Act No. 1144 conferring the right to appeal uses the words "Appeals may be taken . . . to the Supreme Court." If the Legislature had intended to limit the litigant to an appeal to the Supreme Court, it easily could have done so by using more restrictive language, such as "an appeal shall lie to the supreme court," and omitting the saving clause of § 6. The most persuasive portion of the majority opinion appears in its reference to the saving provision of § 6 of Act No. 1144, which reads as follows:
 "The jurisdiction conferred by this act on the Probate Courts and the Probate Judges of such counties is intended to be cumulative only, and it is not intended hereby to in any manner limit or restrict the present jurisdiction of the Circuit Courts or the Probate Courts of such counties, including, without limitation, the right to appeal from orders, judgments and decrees of the Probate *Page 532 
 Judges of such counties in the manner as now provided by law."
(Emphasis added.)
The Legislature has, for many years, through local acts, conferred equity jurisdiction on the probate courts of Jefferson and Mobile Counties. From the earliest version of the local act relating to Jefferson County, it is apparent that the legislation was enacted to obtain the benefit of the rules of practice for circuit courts sitting in equity, provisions for depositions, and compulsory process for attendance of witnesses in disposition of the cases falling within the probate court's jurisdiction. See Act No. 633, Ala. Acts 1939; Ala. Code 1940, Tit. 62, § 181(1). Today's decision recognizes that litigants are exposed to the prospect of having the circuit court or this Court review orders of the probate court that are appealable under § 12-22-21, regardless of whether the probate court was exercising its statutory equitable jurisdiction. The fact that the statute creates a potentially costly and unjustifiable review mechanism that allows two bites at the apple is a matter for the Legislature.