I agree with the majority that the judgment should be reversed and the case remanded. However, I do not agree that this case warrants the overruling of Schroeder v. McWhite,569 So.2d 316 (Ala. 1990).
In this case, the circuit court dismissed an appeal from the probate court on the basis that it did not have jurisdiction to hear appeals from the probate court when the probate court was exercising equitable jurisdiction concurrent with that of the circuit court. The circuit court held that the proper forum for appeal from the probate court, when it is exercising jurisdiction concurrent with that of the circuit court, is the Supreme Court. See Schroeder.
The majority's opinion overrules Schroeder, which held that the circuit court may not hear an appeal from the probate court when the probate court is exercising jurisdiction concurrent with that of the circuit court. 569 So.2d at 318. In Schroeder, this Court held that "Under Act No. 1144, Ala. Acts 1971, the probate court in a county having a population of 500,000 or more has general jurisdiction concurrent with that of the circuit court when equitable jurisdiction is invoked." 569 So.2d at 318. When the probate court exercises equitable jurisdiction, Act No. 1144 allows for an appeal to be taken directly from the probate court to this Court. However, Act No. 1144, § 6, states:
 "The jurisdiction conferred by this act on the Probate Courts . . . is intended to be cumulative only, and it is not intended hereby to in any manner limit or restrict the present jurisdiction of the Circuit Courts or the Probate Courts of such counties, including, without limitation, the right to appeal from orders, judgments and decrees of the Probate Judges of such counties in the manner as now provided by law."
Section 4 of Act No. 1144, was intended to create another method of appeal, not take away the preexisting methods of appeal provided by statute, now found at § 12-22-21, Ala. Code 1975. Similarly, nothing in Schroeder purports to abolish the methods of appeal provided in that statute. Schroeder merely holds that when the probate court exercises its equitable jurisdiction, the proper court in which to appeal is the Supreme Court.
In this case, the circuit court erroneously applied the rationale in Schroeder. The probate court never invoked its equitable jurisdiction when it declared Mrs. Bryant's 1995 will invalid. The probate court was not exercising jurisdiction concurrent with that of the circuit court; thus, the application of Schroeder to this case was in error. Because Schroeder does not conflict with § 12-22-21, Ala. Code 1975, and because it was erroneously applied to this case, there *Page 533 
are no grounds upon which to overrule Schroeder.
The determination of jurisdiction in this case is controlled by § 12-22-21. Jett's appeal to the circuit court was based on the February 26, 1998, order that declared Mrs. Bryant's 1995 will invalid. Thus, her appeal falls within one of the seven statutory instances in which an appeal may lie to the circuit court pursuant to § 12-22-21.[10] By statute, the circuit court undeniably had jurisdiction to hear Jett's appeal. Therefore, I agree that the judgment in this case should be reversed and the case remanded.
[10] Section 12-22-21 reads:
 "Appeal to the circuit court in such cases shall be within the time hereinafter specified:
 "(1) From the decree, judgment or order on a contest as to the validity of a will . . . ."