This appeal was transferred to this Court by the Mobile Circuit Court. Mary Russell appealed to that court from a final judgment of the Mobile Probate Court dismissing her petition to declare void her husband's inter vivos transfer of his majority interest in a family business to a trust. Lois Peacock, the trustee of that trust, has moved to dismiss this appeal, arguing (1) that the circuit court was not the proper appellate court, and (2) that the circuit court did not have authority to transfer the appeal to this Court.
We hold that the circuit court was not the proper appellate court, but that the circuit court's transfer to this court was proper. We further hold that the probate court properly dismissed Mrs. Russell's petition. Therefore, we affirm the judgment of the probate court.
 I.
John Thomas Russell died on March 15, 1995. He was survived by several children and by his wife, Mary Russell. Mr. Russell had executed two instruments designed to control and dispose of his estate. On April 14, 1994, Mr. Russell executed a revocable living-trust agreement. Mr. Russell appointed himself the initial trustee. The trust agreement provided that upon Mr. Russell's incapacity or death, Lois Peacock was to serve as successor trustee. Concurrent with the execution of the trust agreement, Mr. Russell transferred title to a personal checking account as well as his controlling interest (527 shares of common stock) in the family business, Dick Russell's, Inc., to the trustee.
The trust agreement directed the trustee to manage the stock in the family business according to specific guidelines. Specifically, the trust agreement provided: (1) that the trustee was to vote the stock for Mrs. Russell as chairman of the board of directors; (2) that for three years following Mr. Russell's death, the family business was to continue paying Mrs. Russell the same salary she was making at the time of Mr. Russell's death, and, after that, to pay her a minimum annual salary of $65,000 for as long as she lived; (3) that the family business was to provide major medical insurance coverage to Mrs. Russell at no cost to her, for as long as she lived; and (4) that when the corporation had annual pre-tax profits exceeding $90,000, it was to pay such excesses to the chairman of the board, officers, and key employees as determined by the board of directors. The terms of the family-trust document included no other provision for Mrs. Russell to receive income from the family trust. The terms of the family trust provided that the trust corpus would be distributed to five named beneficiaries at the later of: (1) a date 10 years after Mr. Russell's death, or (2) the date of death of the last to die of Mr. Russell and Mrs. Russell. Thus, no provision was made for Mrs. Russell to receive any portion of the trust corpus.
On December 5, 1994, Mr. Russell executed a will. The will named Mrs. Russell as executor of Mr. Russell's estate. By the will Mr. Russell (1) left his automobile to his son John Joseph Russell; (2) left all his other tangible property to Mrs. Russell; (3) left certain mineral rights in equal shares to all his children except Lois Peacock and John Joseph Russell; and (4) left the residue of his estate to Mrs. Russell. *Page 535 
In July 1997, Mrs. Russell offered the will for probate in the Mobile Probate Court. The probate court admitted the will to probate on that day and issued letters testamentary to Mrs. Russell.
In December 1997, Mrs. Russell filed in the Mobile Probate Court a "Petition for Declaratory Judgment, Accounting, Injunctive and Other Relief," alleging that Mr. Russell had transferred "the bulk of his estate" to the trust in a fraudulent attempt to deprive Mrs. Russell of her "rights as a widow under the statutes of the State of Alabama." Peacock moved the probate court to dismiss the petition, arguing that it failed to state a claim upon which relief could be granted. The probate court ordered Mrs. Russell to amend her petition within 10 days to provide "a more definite statement of the issue as to fraud."
Mrs. Russell filed an amended petition, alleging: (1) that Mr. Russell's actions in transferring "assets constituting the bulk of his estate" to the trust had the effect of a testamentary disposition "while at the same time avoiding the requirements of the Probate Code governing such dispositions designed to protect surviving spouses;" and (2) that Mr. Russell's actions "were done fraudulently with the intent to deprive [Mrs. Russell] of her share of [Mr.] Russell's estate as a surviving spouse." The amended petition prayed that the "transfers and related actions be declared void . . . and that the assets of the trust in question be returned to the estate of John Thomas Russell, deceased, for distribution under the terms of his Will." Peacock moved the probate court to dismiss Mrs. Russell's amended petition for failure to state a claim upon which relief could be granted. On March 25, 1998, the probate court granted that motion.
On April 9, 1998, Mrs. Russell filed a notice of appeal indicating that she was appealing the March 25 order to the Mobile Circuit Court. Peacock moved the circuit court to dismiss the appeal, arguing that because the probate court was exercising jurisdiction concurrent with that of the circuit court, pursuant to Act No. 91-131, Ala. Acts 1991, and because of the rule stated in Schroeder v. McWhite, 569 So.2d 316 (Ala. 1990), an appeal from the probate court's ruling could be taken only to this Court. Mrs. Russell responded by arguing that her appeal to the circuit court was proper and that if the circuit court held otherwise, it should transfer her appeal to this Court. The circuit court held that it did not have jurisdiction over the appeal and transferred it to this Court. Peacock has moved this Court to dismiss the appeal, arguing that the transfer from the circuit court was invalid and that Mrs. Russell did not file a timely and proper notice of appeal to this Court.
 II.
Peacock argues that the circuit court did not have jurisdiction of Mrs. Russell's appeal. Peacock relies on the reasoning in Schroeder and on Act No. 91-131 to support her argument.
Act No. 91-131[1] applies to counties with populations between 300,000 and 500,000. The Act applies to Mobile County and *Page 536 
grants the Probate Court of Mobile County concurrent jurisdiction with the circuit court in the administration of decedents' estates and other kinds of estates. Section 1 of the Act (amending Act No. 974, Ala. Acts 1961 (Reg. Session), § 5) provides:
 "[A]ppeals from the orders, judgments and decrees of such Probate Courts, relating to the administration of such estates, including decrees on partial settlements, lie to the Supreme Court within the time period prescribed in the Alabama Rules of Appellate Procedure from the entry of the order, judgment or decree. Such appeals shall be made in accordance with said appellate rules."
Act No. 91-131 amended § 7 of Act No. 974 to provide, in pertinent part:
 "The jurisdiction conferred by this act on the Probate Courts, Probate Judges, and Chief Clerks of such counties is intended to be cumulative only, and it is not intended hereby to in any manner limit or restrict the jurisdiction of the Circuit Courts or the Probate Courts of such counties."
In Schroeder, this Court affirmed the Jefferson Circuit Court's order dismissing a party's appeal from an order of the probate court. 569 So.2d at 318. By a local act very similar to Act No. 91-131, the Legislature had granted the Jefferson Probate Court jurisdiction concurrent with the circuit court in the administration of decedents' estates. See Act No. 1144, 1971 Ala. Acts. In Schroeder, a party appealed from the probate court's denial of her motion for relief from its order requiring her to return substantial amounts of assets to the administrator of a decedent's estate. 569 So.2d at 318. This Court stated that the party's appeal would not lie to the circuit court, "for the obvious reason that the ruling on her motion was by the probate court acting in its exercise of jurisdiction concurrent with that of the circuit court." Id. at 318-19.
Peacock argues that the Mobile Probate Court was "acting in its exercise of jurisdiction concurrent with that of the circuit court" when it entered its order dismissing Mrs. Russell's petition. Therefore, she concludes, Mrs. Russell's appeal is due to be dismissed. However, in another case decided today, we have rejected the Schroeder rule. See Jett v. Carter,758 So.2d 526 (Ala. 1999).
Mrs. Russell argues that that portion of Act No. 91-131 (amending Act No. 974, § 5), providing that appeals from the probate court lie to the Supreme Court, is neither mandatory nor exclusive. Mrs. Russell also argues that that portion amending § 7 of Act No. 974, by its terms, states that the Act grants additional jurisdiction to the probate court, but does not remove any jurisdiction either from the probate court or from the circuit court. Thus, she asserts, Act No. 91-131 does not deprive the circuit court of its jurisdiction to hear appeals from final judgments of the probate court under Ala. Code 1975, § 12-22-20, which provides that "[a]n appeal lies to the circuit court or Supreme Court from any final decree of the probate court, or from any final judgment, order or decree of the probate judge." Accordingly, Mrs. Russell concludes that when the probate judge entered this order, she had the option of appealing to the circuit court or to this Court, pursuant to § 12-22-20.
Mrs. Russell's argument, however, fails to recognize that §12-22-20, which states that appeals from the probate court may be taken to the circuit court or to this Court, must be read in conjunction with Ala. Code 1975, § 12-22-21. Under that section, appeals can be taken to the circuit court from seven enumerated kinds of judgments or orders of the probate court.[2] *Page 537 
Alabama courts have held that, unless the judgment or order to be appealed from is included within that list, or unless there is other statutory authority specifically allowing an appeal to the circuit court or providing that an appeal lies to the Court of Civil Appeals, appeals from the probate court lie to this Court. See, e.g., Franks v. Norfolk S. Ry., 679 So.2d 214 (Ala. 1996); SCRealty, Inc. v. Jefferson County, 638 So.2d 1343 (Ala.Civ.App. 1993); Hicks v. Enlow, 495 So.2d 691 (Ala.Civ.App. 1986). Mrs. Russell appealed from the probate court's dismissal of her petition to declare void Mr. Russell's transfer of assets to hisinter vivos trust and to have those assets included within Mr. Russell's probate estate. Because an appeal to the circuit court from such an order is not authorized by § 12-22-21, or by any other statute, the circuit court correctly concluded that Mrs. Russell should have filed her appeal with this Court.
Mrs. Russell argues that, even if the circuit court was not the proper appellate court, it properly transferred the appeal to this Court. Specifically, she argues that if her notice of appeal named the wrong appellate court, that error was properly corrected, and the case properly transferred to this Court, pursuant to Rule 3(c), Ala.R.App.P. That Rule provides in pertinent part:
 "If the notice of appeal names the wrong appellate court to which the appeal is taken, such designation shall be treated as a clerical mistake and corrected accordingly. The necessary clerical steps shall be taken to docket the appeal and to file the record and briefs in the appropriate appellate court."
Peacock argues that the circuit court could not transfer Mrs. Russell's appeal to this Court under Rule 3(c) because, she says, the Alabama Rules of Appellate Procedure apply only to appeals to this Court, the Court of Civil Appeals, and the Court of Criminal Appeals. They do not, she asserts, apply to the circuit courts, even when those courts are acting in their appellate capacity.See Rule 1, Ala.R.App.P.; Prine v. Wood, 447 So.2d 725 (Ala. 1984); State v. Elliott, 246 Ala. 439, 21 So.2d 310 (1945).
In Prine v. Wood, supra, this Court upheld a circuit court's denial of a motion to dismiss a party's appeal for failure to *Page 538 
comply with the Alabama Rules of Appellate Procedure. Specifically, this Court held that the circuit court did not abuse its discretion, because appeals from the probate court to the circuit court are not governed by the Alabama Rules of Appellate Procedure. 447 So.2d at 727-28; see also Rule 1, Ala.R.App.P. However, although a circuit court is not required to comply with the Rules of Appellate Procedure when it sits in its appellate capacity, its "discretion in determining procedural matters in [an] appeal" from the probate court includes the discretion to voluntarily apply those rules. Id. at 727-28 (noting that the circuit court had permitted the parties to prepare a statement of the evidence in accordance with Rule 10(d), Ala.R.App.P.).
Accordingly, when the circuit court is not the proper appellate court, it does not abuse its discretion in correcting the notice of appeal in accordance with Rule 3(c), Ala.R.App.P., and transferring the appeal to the proper appellate court. Thus, Mrs. Russell's appeal is properly before this Court, and Peacock's motion to dismiss the appeal is denied.
 III.
We now turn to the merits of Mrs. Russell's appeal. She argues that Mr. Russell's transfers to the trust should be set aside because, she says, these transfers deprived her of an elective share of his estate. See Ala. Code 1975, § 43-8-70
(providing that a surviving spouse may claim an elective share of a decedent's estate). Her argument is without merit, for a number of reasons.
First, the record does not support the proposition that Mrs. Russell was deprived of an elective share of Mr. Russell's estate. The record does indicate, however, that Mrs. Russell failed to comply with Ala. Code 1975, § 43-8-73, which required her to file a petition for an elective share within six months after Mr. Russell's will was probated. She argues that she did not file the petition because there was nothing from which to claim the elective share. Nothing in the record, however, indicates that Mr. Russell's probate estate contained no assets. Thus, this argument is without support in the record.
Second, even if Mrs. Russell had timely petitioned for her elective share, she would not be entitled to a share of the trust assets under the elective-share statute. Alabama's Probate Code is derived largely from the Uniform Probate Code ("UPC"). The provision for a surviving spouse to receive an elective share replaces the common-law rule that a widow was entitled to dower, which was a life estate in a fraction of her husband's lands, and that a widower was entitled to a similar right of courtesy. See commentary to § 43-8-70. Under the UPC at the time Alabama adopted its current Probate Code, the surviving spouse's elective share was a portion of the decedent's "augmented estate," which included the value of certain assets that the decedent had transferred during his lifetime. See UPC § 2-202. However, in enacting its Probate Code in 1982, Alabama rejected the UPC's augmented-estate concept. See § 43-8-70. Thus, we have no statutory authority for the proposition that a surviving spouse is entitled to a share of assets that were validly transferred by the decedent during his lifetime.
Finally, Mr. Russell's transfer of assets to the trust was not a fraudulent conveyance, and Mrs. Russell does not assail the validity of the transfer on any other ground. Under the Alabama Uniform Fraudulent Transfer Act, certain transfers are void or voidable if they are made to the detriment of a creditor. See Ala. Code 1975, §§ 8-9A-4 and -5. However, the record gives no indication that Mrs. Russell was a creditor of Mr. Russell. She had no claim to an elective share of his estate during his lifetime and, as explained above, her claim to an elective share of his estate upon his death does not entitle her *Page 539 
to a share of the assets he transferred to the trust. See Ala. Code 1975, § 43-8-70.
 V.
Because Mrs. Russell's petition to the Mobile Probate Court failed to state a claim upon which relief could be granted, that court properly dismissed her petition. We therefore affirm that court's judgment.
MOTION TO DISMISS DENIED; AFFIRMED.
Hooper, C.J., and Maddox, Houston, Cook, Lyons, Brown, and England, JJ., concur.
Johnstone, J., concurs in part and dissents in part.
[1] Act No. 91-131 is a local act. See Ala. Const. Amend. No. 397. In Peddycoart v. City of Birmingham, 354 So.2d 808
(Ala. 1978), this Court held that a local act on a subject provided for by general law is void because it violates Ala. Const. of 1901, § 105. However, because that holding was at odds with prior holdings of this Court, Peddycoart was applied prospectively only. In Clark v. Clark, 514 So.2d 1321 (Ala. 1987), this Court considered Act No. 974, Ala. Acts 1961, the predecessor to Act No. 91-131. Like Act No. 91-131, Act No. 974 expanded the jurisdiction of the Mobile Probate Court. This Court stated that "[w]hile such a statute, if enacted today, would be void under Const. 1901, § 105, as a local law on a subject provided for by a general law, the efficacy of this law was preserved by the prospective application of Peddycoart." Unlike Act No. 974, Act No. 91-131 was enacted after Peddycoart. However, the validity of Act No. 91-131 is not before us at this time.
[2] Ala. Code 1975, § 12-22-21, provides:
 "Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or Supreme Court in the cases hereinafter specified. Appeals to the Supreme Court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in such cases shall be within the time hereinafter specified:
 "(1) From the decree, judgment or order on a contest as to the validity of a will, to be taken within 42 days after the determination of the contest;
 "(2) From the decree, judgment or order on an application claiming the right to execute a will or administer an estate, to be taken within 42 days after the hearing and decision of such application, unless the application was denied because the applicant was deemed unfit to serve by reason of a conviction of an infamous crime or by reason of improvidence, intemperance or want of understanding, in which case the appeal must be taken within seven days from the denial of the application;
 "(3) Upon any decree, judgment or order removing an executor or administrator, in which case the appeal must be taken within seven days after such decree, judgment or order;
 "(4) By a legatee or person entitled to distribution, on the decision of the court, in proceedings instituted to compel the payment of a legacy or distributive share, at any time within 42 days after such decision;
 "(5) After a final settlement, upon any order, judgment or decree, made on such settlement, or respecting any item or matter thereof, or any previous settlement or item, or matter thereof, within 42 days thereafter;
 "(6) Upon any issue as to the insolvency of an estate and upon any issue as to an allowance of any claim against insolvent estates, in which cases the appeal must be taken within 42 days after the determination of such issue; and
 "(7) On an application for a division or partition of real or personal property, in which case the appeal must be taken within 42 days, and the decree, judgment or order may be stayed upon the execution, within 14 days, of a supersedeas bond, payable to the appellee, in an amount and upon condition to be prescribed by the probate judge, such stay of execution to continue until the appeal is decided."