CRAWLEY, Judge.
The State of Alabama appeals from a judgment of the Coffee District Court dismissing what was formerly known as a “URESA petition,” now known as a petition pursuant to the Uniform Interstate Family Support Act (“UIFSA”).[1] The State of Pennsylvania, attempting to recoup payments it made to Pennsylvania resident K.M. for her minor child, filed in Alabama a petition for a support order against R.S., the child’s father. The Coffee District Court dismissed the petition.
This appeal purports to be taken pursuant to the authority of § 12-12-72(2), Ala. Code 1975. That section states:
“Appeals shall be directly to the appropriate appellate court if:
[[Image here]]
“(2) The parties stipulate that only questions of law are involved and the district court certifies the questions.”
*576 In Terry v. Frisbee, 404 So.2d 345, 346 (Ala.Civ.App.1981), this court stated:
“The exception found in § 12-12-72(2) has two requirements: (1) the parties must stipulate that only questions of law are involved, and (2) the district court must certify those questions.”
(Emphasis added.) In the present case, neither of the requirements of § 12-12-72(2) has been met. The record contains a statement by the district court that “only questions of law are involved in the appeal of this case.” However, the record does not contain a stipulation by the parties that only questions of law are involved nor does it contain a certification of any questions. Pursuant to Rule 3(c), Ala. R.App. P., we transfer the appeal to the Coffee Circuit Court. See Russell v. Russell, 758 So.2d 533 (Ala.1999).
APPEAL TRANSFERRED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.

. The UIFSA, § 30-3A-101 et seq., Ala.Code 1975, which became effective on January 1, 1998, replaced the URESA, § 30-4-80 through 30-4-98, Ala.Code 1975, which was repealed by Act No. 97-245, 1997 Ala. Acts, effective January 1, 2000.