STEAGALL, Justice.
Three years before her death in 1992, Lillian C. McGowin adopted Joe H. Little, Jr., Dorothy Little Mosley, and L.G. Adams, Jr., pursuant to Ala.Code 1975, § 43-4-1 (repealed, effective January 1,1991). That statute allowed an adult to adopt another adult for inheritance purposes. Little is a grandnephew of McGowin, Mosley is a grandniece of McGowin, and Adams is a nephew of McGowin. Sadie Mae Bluemly is a niece of McGowin; after McGowin’s death, Bluemly sued Little, Mosley, and Adams, seeking, among other things, a judgment declaring the adoptions by McGowin void as being fraudulent and setting them aside.
The defendants moved to dismiss Bluemly’s complaint, asserting, among other things, that the court lacked subject matter jurisdiction to declare the adoptions void and to set them aside. At the subsequent hearing, Bluemly argued that, pursuant to Ala.Code 1975, §§ 6-6-222 and 6-6-225, part of the “Alabama Declaratory Judgment Act,” the trial court had jurisdiction over the adoptions. The trial court, holding that the jurisdictional or substantive issues were in no way affected by Bluemly’s denominating her claim as one for a declaration of rights, dismissed that part of Bluemly’s complaint that sought to invalidate and set aside the adoptions. This Court granted Bluemly’s petition for permission to appeal pursuant to Rule 5, A.R.App.P.
Bluemly argues that the trial court erred in dismissing her claim for a “declaration of rights” and her request for an order setting aside the adoptions. Specifically, she contends that she sought from the trial court “a declaration that these adoptions would have no effect concerning the inheritance, will construction, or notice provisions required for appropriate administration of an estate between these parties,” and that, therefore, the trial court had jurisdiction over her claim, pursuant to §§ 6-6-222 and 6-6-225.
In reviewing the trial court’s judgment of dismissal, this Court, viewing the allegations of the complaint most strongly in favor of the plaintiff, must determine whether the plaintiff could prove any set of circumstances that would entitle her to relief. Raley v. Citibanc of Alabama/Andalusia, 474 So.2d 640 (Ala.1985). In making this determination, this Court does not consider whether the plaintiff will ultimately prevail, but whether she may possibly prevail. Fontenot v. Bramlett, 470 So.2d 669 (Ala.1985).
In B.W.C. v. A.N.M., 590 So.2d 282 (Ala.Civ.App.1991), and C.C.K. v. M.R.K., 579 *1336 So.2d 1368 (Ala.Civ.App.1991), the Court of Civil Appeals held that the probate court has primary jurisdiction over adoption proceedings. Moreover, Ala.Code 1975, § 43-4-1, under which the defendants in this case were adopted, specifically required that petitions for adult adoptions for inheritance purposes be filed in the probate court.
In Love v. Rennie, 254 Ala. 382, 48 So.2d 458 (1950), this Court held that where the probate court had jurisdiction over the probate of a will, an equity court lacked jurisdiction, under the Declaratory Judgment Act, to enter a declaratory judgment construing the will. In Love, this Court specifically stated that “[t]o hold that the equity court has jurisdiction would be to construe the declaratory judgment act as conferring upon the equity court jurisdiction of subject matter which it had not possessed theretofore.” 254 Ala. at 389, 48 So.2d at 465.
Although this ease does not involve the probate of a will or the construction of a will, we believe the reasoning in Love to be applicable here. In her complaint, Bluemly asked the court to “take jurisdiction of this matter and ... declare the adoptions void.” However, because the probate court has primary jurisdiction over adoption proceedings, the circuit court, even under the Declaratory Judgment Act, was without jurisdiction to entertain Bluemly’s request. Accordingly, the trial court properly dismissed that part of Bluemly’s complaint seeking a declaration that the adoptions were void. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, INGRAM and COOK, JJ., concur.