LYONS, Justice.
Pamela Scott, as executrix of the estate of Beverly Phillips, appeals from a summary judgment entered in the Baldwin Circuit Court in favor of Lois Boykin. Boykin has filed a motion to dismiss the appeal. For the reasons set forth below, we grant the motion and dismiss the appeal.
Scott filed in the probate court of Baldwin County a petition to probate the will of her aunt, Beverly Phillips. After the will was admitted to probate, Boykin filed a “Petition for Executor’s Release” in the probate court, seeking a release from a vendor’s lien. The probate court granted the petition and entered an order reciting that all the terms and conditions of a vendor’s lien deed executed by the decedent, as grantor, to Boykin, as grantee, had been satisfied in full and that the vendor’s lien was released.
Within 30 days after the probate court entered its order, Scott filed in the Baldwin Circuit Court a document styled “Petitioner’s Notice of Appeal and Request for Stay.” Boykin then filed a motion for a summary judgment, which the circuit court granted. Scott filed in the circuit court a *411 notice of appeal to this Court. No notice of appeal has ever been filed in the probate court.
Boykin contends in her motion to dismiss the appeal that this Court lacks subject-matter jurisdiction because the circuit court lacked subject-matter jurisdiction to hear the appeal from the probate court. Scott responds to Boykin’s motion to dismiss by challenging the subject-matter jurisdiction of the probate court.
Sections 12-22-20 through 12-22-27, Ala.Code 1975, govern appeals from the probate court. Section 12-22-20 provides:
“An appeal lies to the circuit court or Supreme Court from any final decree of the probate court, or from any final judgment, order, or decree of the probate judge-”
A circuit court’s appellate jurisdiction over an order of a probate court is confined to the seven circumstances enumerated in § 12-22-21, which provides the time periods allowed for appeals to the circuit court. See Jett v. Carter, 758 So.2d 526, 530 (Ala.1999). Section 12-22-21 provides:
“Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or Supreme Court in the cases hereinafter specified. Appeals to the Supreme Court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in civil cases shall be within the time hereinafter specified:
“(1) From the decree, judgment or order on a contest as to the validity of a will, to be taken within 42 days after the determination of the contest;
“(2) From the decree, judgment or order on an application claiming the right to execute a will or administer an estate, to be taken within 42 days after the hearing and decision of such application, unless the application was denied because the applicant was deemed unfit to serve by reason of a conviction of an infamous crime or by reason of improvidence, intemperance or want of understanding, in which case the appeal must be taken within seven days from the denial of the application;
“(3) Upon any decree, judgment or order removing an executor or administrator, in which case the appeal must be taken within seven days after such decree, judgment or order;
“(4) By a legatee or person entitled to distribution, on the decision of the court, in proceedings instituted to compel the payment of a legacy or distributive share, at any time within 42 days after such decision;
“(5) After a final settlement, upon any order, judgment or decree, made on such settlement, or respecting any item or matter thereof, or any previous settlement or item, or matter thereof, within 42 days thereafter;
“(6) Upon any issue as to the insolvency of an estate and upon any issue as to an allowance of any • claim against insolvent estates, in which cases the appeal must be taken within 42 days after the determination of such issue; and
“(7) On an application for a division or partition of real or personal property, in which case the appeal must be taken within 42 days, and the decree, judgment or order may be stayed upon the execution, within 14 days, of a superse-deas bond, payable to the appellee, in an amount and upon condition to be prescribed by the probate judge, such stay of execution to continue until the appeal is decided.”
None of these circumstances embraces Scott’s challenge to the release of the vendor’s lien by the probate court. There *412 fore, any appeal, if proper, could have been taken only to this Court, and not to the circuit court. Jett v. Carter, supra. Scott’s concern as to the subject-matter jurisdiction of the probate court is a matter that would be cognizable only on an appeal from the probate court to a court with jurisdiction to entertain such an appeal. The issue whether the order of the probate court supports an appeal is not before us. However, Scott’s concerns as to the subject-matter jurisdiction of the probate court do not create subject-matter jurisdiction in this Court or in the circuit court.
A similar problem was presented in Russell v. Russell, 758 So.2d 533 (Ala.1999). In that case, the appellee in the circuit court moved to dismiss the appeal to the circuit court for want of jurisdiction. The circuit court agreed with the movant as to its lack of jurisdiction, but instead of dismissing the appeal it corrected the notice of appeal so as to effect a transfer of the appeal to the Supreme Court. This Court approved of that resolution of the matter, stating:
“Accordingly, when the circuit court is not the proper appellate court, it does not abuse its discretion in correcting the notice of appeal in accordance with Rule 3(c), Ala. R.App. P., and transferring the appeal to the proper appellate court. Thus, Mrs. Russell’s appeal is properly before this Court, and Peacock’s motion to dismiss the appeal is denied.”
758 So.2d at 538.
Boykin’s motion to dismiss is granted without prejudice to Scott’s right to apply to the circuit court for an order correcting the notice of appeal in accordance with Rule 3(c), Ala. R.App. P., and transferring the appeal to this Court.
APPEAL DISMISSED.
NABERS, C.J., and HOUSTON, SEE, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
STUART, J., recuses herself.