LYONS, Justice.
Jeanette C. Oliver and Geraldine C. Stephens, nieces of Annie Ruth Ford Wilson *74 (“the nieces”), appeal from a final judgment dismissing their appeal to the Talla-poosa Circuit Court from an order of the Tallapoosa Probate Court directing the sale of certain real property for the payment of debts incurred by Wilson’s estate. We dismiss the appeal with instructions.
On October 28, 2009, Nancy E. Shealey, as personal representative of Wilson’s estate (hereinafter “the Wilson estate”), filed a petition in the Tallapoosa Probate Court for the sale of certain real property for the payment of debts incurred by the Wilson estate. Certain property known as the Todd Colvin estate in Alexander City and alleged to be property of the Wilson estate was the subject of the petition. The nieces were named as parties to the proceedings in the probate court. They challenged the Wilson estate’s ownership of the property that was the subject of the petition, and, at the hearing held by the probate court, they orally opposed Shealey’s petition. The nieces objected to the sale on the grounds that Wilson was not an heir to the Todd Colvin estate property because she was not a biological child of Colvin’s and there was no proof that she had been adopted by him. On February 4, 2010, over the objection of the nieces, the probate court entered an order allowing the sale. The nieces appealed the probate court’s order to the Tallapoosa Circuit Court. Shealey moved to dismiss the appeal, alleging lack of jurisdiction. On June 14, 2010, the circuit court entered an order dismissing the appeal for want of jurisdiction. The nieces filed a motion to reconsider in the circuit court requesting, in the alternative to dismissal of their appeal, a transfer to the appropriate appellate court. The circuit court denied that motion, and the nieces appealed.
On appeal, the nieces argue (1) that the circuit court erred in dismissing the appeal for lack of jurisdiction; and (2) that the circuit court should have transferred the appeal to the appropriate appellate court. Shealey argues that an appeal of an order entered in the probate court ordering the sale of real property for payment of an estate’s debts should more properly have been taken to this Court rather than the circuit court, and she asks us to affirm the judgment of the circuit court.
An appeal from a probate court is governed by §§ 12-22-20 through 12-22-27, Ala.Code 1975. Section 12-22-20 provides:
“An appeal lies to the circuit court or Supreme Court from any final decree of the probate court, or from any final judgment, order, or decree of the probate judge.... ”
A circuit court’s appellate jurisdiction over an order of a probate court is confined to seven circumstances enumerated in § 12-22-21.[1] Russell v. Russell, 758 So.2d 533, *75 536-37 (Ala.1999). However, none of those circumstances deal with the nieces’ appeal of the probate court’s order to sell real property in the possession of the Wilson estate. Therefore, the circuit court did not have appellate jurisdiction over the order entered by the probate court in this case.
This Court dealt with a similar situation in Scott v. Boykin, 900 So.2d 410 (Ala.2004). In Scott, the appellant appealed to the circuit court from an order entered by the probate court that should have been appealed to this Court. The circuit court entered a summary judgment in favor of the appellee. The appellant then appealed to this Court. The appellee, who was the prevailing party in both the probate court and the circuit court, moved to dismiss the appeal to this Court, arguing that neither the circuit court nor this Court had jurisdiction over the appeal. This Court dismissed the appeal, but did so without prejudice to the right of the appellant to seek correction by the circuit court of the notice of appeal, correcting that notice to read “Supreme Court” pursuant to Rule 3(c), Ala. R.App. P.
A similar situation was presented in Russell. As we stated in Scott:
“In [Russell ], the appellee in the circuit court moved to dismiss the appeal to the circuit court for want of jurisdiction. The circuit court agreed with the mov-ant as to its lack of jurisdiction, but instead of dismissing the appeal it corrected the notice of appeal so as to effect a transfer of the appeal to the Supreme Court. This Court approved of that resolution of the matter, stating:
“ ‘Accordingly, when the circuit court is not the proper appellate court, it does not abuse its discretion in correcting the notice of appeal in accordance with Rule 3(c), Ala. R.App. P., and transferring the appeal to the proper appellate court. Thus, Mrs. Russell’s appeal is properly before this Court, and Peacock’s motion to dismiss the appeal is denied.’ ”
900 So.2d at 412 (quoting Russell, 758 So.2d at 538).
Scott and Russell are dispositive of this case. Rule 3(c), Ala. R.App. P., states, in pertinent part:
“If the notice of appeal names the wrong appellate court to which the appeal is taken, such designation shall be treated as a clerical mistake and corrected accordingly. The necessary clerical steps shall be taken to docket the appeal and to file the record and briefs in the appropriate appellate court.”
*76 (Emphasis added.) Although some of the language in Scott and Russell speaks of discretion vested in the court to which the appeal is taken, the language of Rule 3(c) is mandatory. Ex parte Prudential Ins. Co. of America, 721 So.2d 1135, 1138 (Ala.1998) (“The word ‘shall’ is clear and unambiguous and is imperative and mandatory.”). The word “shall” can be permissive in a situation where it would frustrate legislative intent to hold otherwise, but if no such circumstance exists, it is mandatory. This is such a case because no intent of the rule would be disserved by allowing a court to have discretion in correcting a clerical error. See, e.g., Ex parte Bad Toys Holdings, Inc., 958 So.2d 852, 856 (Ala.2006), in which this Court stated:
“[The plaintiff] nonetheless notes that this Court has also stated that the word “shall” may also be construed as being permissive where the intent of the legislature would be defeated by making the language mandatory.’ Ex parte Brasher, 555 So.2d 192, 194 (Ala.1989). However, the principle espoused in Ex paHe Brasher was applied in interpreting a statute, not a contract. In the present case, nothing in the purchase agreement indicates that the parties intended that the word ‘shall’ mean anything other than what it ordinarily means. ‘[Shall] in ordinary usage means “must” and is inconsistent with a concept of discretion.’ Black’s Law Dictionary 1375 (6th ed. 1991).”
To the extent Scott and Russell are inconsistent with our decision in Bad Toys Holdings, they are hereby overruled.
If the notice of appeal names the wrong appellate court, the court to which the appeal has been wrongly taken “shall” treat that designation as a clerical mistake and “shall” correct the notice of appeal accordingly. Therefore, although the circuit court properly denied the nieces’ request to transfer the case, the circuit court erred when it failed to correct the notice of appeal pursuant to Rule 3(e), Ala. R.App. P.
We dismiss the nieces’ appeal, and we direct the circuit court to correct the notice of appeal to reflect an appeal to this Court. The circuit court shall then return the notice of appeal to the probate court for preparation of the appeal by the probate clerk for transmission to this Court. Rule 3(c) requires that the necessary clerical steps be taken “to docket the appeal and to file the record and briefs in the appropriate appellate court.” In this case, those steps occur in the probate court because it is the court from which the appeal is taken. If no record is available in the probate court, Rule 10(d), Ala. R.App. P., designates the procedure to be followed in preparing a statement of the evidence or proceedings.
APPEAL DISMISSED WITH INSTRUCTIONS.
COBB, C.J., and WOODALL, STUART, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.

. Section 12-22-21 states:
"Appeal from the order, judgment or decree of the probate court may be taken by the party aggrieved to the circuit court or Supreme Court in the cases hereinafter specified. Appeals to the Supreme Court shall be governed by the Alabama Rules of Appellate Procedure, including the time for taking an appeal. Appeal to the circuit court in such cases shall be within the time hereinafter specified:
"(1) From the decree, judgment or order on a contest as to the validity of a will, to be taken within 42 days after the determination of the contest;
"(2) From the decree, judgment or order on an application claiming the right to execute a will or administer an estate, to be taken within 42 days after the hearing and decision of such application, unless the application was denied because the applicant was deemed unfit to serve by reason of a conviction of an infamous crime or by reason of improvidence, intemperance or want of understanding, in which case the appeal *75 must be taken within seven days from the denial of the application;
"(3) Upon any decree, judgment or order removing an executor or administrator, in which case the appeal must be taken within seven days after such decree, judgment or order;
"(4) By a legatee or person entitled to distribution, on the decision of the court, in proceedings instituted to compel the payment of a legacy or distributive share, at any time within 42 days after such decision;
"(5) After a final settlement, upon any order, judgment or decree, made on such settlement, or respecting any item or matter thereof, or any previous settlement or item, or matter thereof, within 42 days thereafter;
"(6) Upon any issue as to the insolvency of an estate and upon any issue as to an allowance of any claim against insolvent estates, in which cases the appeal must be taken within 42 days after the determination of such issue; and
"(7) On an application for a division or partition of real or personal property, in which case the appeal must be taken within 42 days, and the decree, judgment or order may be stayed upon the execution, within 14 days, of a supersedeas bond, payable to the appellee, in an amount and upon condition to be prescribed by the probate judge, such stay of execution to continue until the appeal is decided.”