BOLIN, Justice.
This appeal involves the transfer of a guardianship and conservatorship pursuant to § 26-2B-302, Ala.Code 1975.

Facts and Procedural History

On July 14, 2010, the State of Kentucky entered an order finding that 74-year-old Shirley Day was in need of a guardian and a conservator. The Kentucky court appointed her adult daughter, Rhonda S. Sears, to serve in both capacities.[1] Subsequently, Sears applied to the Kentucky court to transfer the guardianship and con-servatorship to Alabama, where she and Day were residing, and on January 11, 2012, the Kentucky court issued a provisional order transferring the guardianship and conservatorship.
On April 25, 2012, Sears, pursuant to the Alabama Uniform Adult Guardianship and *153 Protective Proceedings Jurisdiction Act, § 26-2B-101 et seq., Ala.Code 1975 (“the Act”), applied to the Montgomery Probate Court for a provisional order accepting the transfer from Kentucky of the guardianship and conservatorship. In accordance with § 26-2B-302, Sears sought to continue as conservator and guardian. Pursuant to § 26-2B-802(b), Sears was to provide notice of the transfer to the persons required to have notice.[2]
On May 8, 2012, the Montgomery Probate Court set a hearing for June 15, 2012, on Sears’s petition to accept the transfer. That same day, the probate judge appointed Valerie Cain as a guardian ad litem to represent Day in the transfer proceeding. On June 8, 2012, Cain requested a continuance of the hearing, which the probate court granted. Sears’s attorney also sought a continuance, which the probate court granted. On September 14, 2012, Cain submitted a report to the probate court questioning expenditures from Day’s estate and requesting a $4,110 guardian ad litem fee. Although nothing in the report indicated any inappropriate actions regarding Sears’s actions in caring for Day, Cain recommended that both the conserva-torship and the guardianship be transferred but that, rather than Sears, “the [Montgomery] county guardian and conservator be appointed.” On September 17, 2012, the probate court held a hearing, and on September 20, 2012, it granted the petition to transfer and appointed James F. Hampton as guardian of Day and conservator of Day’s estate. Day was removed from Sears’s home and placed in an apartment home. The probate court also approved Cain’s guardian ad litem fee to be paid from Day’s estate.
On October 30, 2012, Sears timely filed a notice of appeal from the probate court’s order in the Montgomery Circuit Court on the ground that the probate court’s order violated § 26-2B-302. On November 9, 2012, Sears filed a motion entitled “Motion For Injunctive Relief’ in which she asked the circuit court to enter an order in compliance with § 26-2B-302. On November 13, 2012, Hampton requested that the circuit court appoint Cain as Day’s guardian while he remain as conservator of her es *154 tate. On November 21, 2012, the circuit court held a hearing on Sears’s November 9, 2012, motion, at the end of which the court denied Sears’s requested relief and set the matter for further proceedings. On December 19, 2012, the circuit court appointed Cain as Day’s guardian. On January 9, 2013, the circuit court entered a written order denying Sears’s November 9, 2012, motion. On February 19, 2013, Sears filed a notice of appeal from the circuit court’s order with this Court. On August 1, 2013, this Court’s clerk’s office entered an order in accordance with Oliver v. Shealey, 67 So.3d 73 (Ala.2011). In Oliver, this Court held that Rule 3, Ala. R.App. P., applies to circuit courts and that if an appeal from the probate court is incorrectly filed in the circuit court, then the circuit court has to return the case to the probate court for that court to take the necessary clerical steps to docket the appeal and file the record and briefs in the appropriate appellate court. Because a circuit court’s appellate jurisdiction over an order of a probate court is confined to the seven circumstances enumerated in § 12-22-21, Ala.Code 1975, and an appeal from a motion to transfer under § 26-2B-302 is not one of those circumstances, Sears’s appeal from the probate court’s order to the circuit court was improper and has now, pursuant to Rule 3, Ala. R.App. P., been filed in this Court.[3] Any orders issued by the circuit court are void. See Bernals, Inc. v. Kessler-Greystone, LLC, 70 So.3d 315, 319 (Ala.2011)(“When a circuit court lacks subject-matter jurisdiction, all orders and judgments entered in the case, except an order of dismissal, are void ab initio.”).

Standard of Review

“ ‘This court reviews de novo a trial court’s interpretation of a statute, because only a question of law is presented.’” Continental Nat’l Indem. Co. v. Fields, 926 So.2d 1033, 1034-35 (Ala.2005) (quoting Scott Bridge Co. v. Wright, 883 So.2d 1221,1223 (Ala.2003)).
“When interpreting a statute, a court must first give effect to the intent of the legislature. BP Exploration & Oil, Inc. v. Hopkins, 678 So.2d 1052 (Ala.1996). “When a court construes a statute, ‘[wjords used in [the] statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.’ ” Ex parte Berryhill, 801 So.2d 7, 10 (Ala.2001) (quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)). The function of this Court is “ ‘to say what the law is, not to say what it should be.’ ” Ex parte Achenbach, 783 So.2d 4, 7 (Ala.2000) (quoting DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998)).

Discussion

At the outset, the distinction should be made between a guardianship and a conservatorship. A guardianship concerns the control over the health, support, edu *155 cation, or maintenance of an incapacitated person, whereas a conservatorship is usually limited to control over the property and finances of a protected person. Here, the State of Kentucky appointed Sears as both guardian over the person and conservator of the property of Shirley Day.
In 2011, the legislature adopted the Act. Sections 26-2B-301 and -302, Ala. Code 1975, concerning transfers of existing guardianships and conservatorships from Alabama to other states and transfers of existing guardianships and conservator-ships from other states to Alabama, were meant to uniformly address problems with interstate transfers and to streamline the process in the best interests of the incapacitated adult or protected person and his or her resources. “Such a transfer is often appropriate when the incapacitated or protected person has moved or has been placed in a facility in another state, making it impossible for the original court to adequately monitor the proceeding.” Comments to § 26-2B-301. Section 26-2B-302 provides:
“(a) To confirm transfer of a guardianship or conservatorship transferred to this state under provisions similar to Section 26-2B-301, the guardian or conservator must petition the court in this state to accept the guardianship or con-servatorship. The petition must include the following:
“(1) a certified copy of the other state’s provisional order of transfer;
“(2) an inventory of the protected person’s estate as of the date of the petition including certified records of all bank accounts in the protected person’s estate as of the date of the petition;
“(3) proof of the conservator’s bond; and
“(4) any final accounting of he protected person’s estate which has been submitted in the prior jurisdiction. If no such accounting was required by the transferring court, the petitioner must prepare and submit an accounting prior to acceptance.
“(b) Notice of a petition under subsection (a) must be given to those persons that would be entitled to notice if the petition were a petition for the appointment of a guardian or issuance of a protective order in both the transferring state and this state. The notice must be given in the same manner as notice is required to be given in this state.
“(c) On the court’s own motion or on request of the guardian or conservator, the incapacitated or protected person, or other person required to be notified of the proceeding, the court shall hold a hearing on a petition filed pursuant to subsection (a).
“(d) The court shall issue a provisional order granting a petition filed under subsection (a) unless:
“(1) an objection is made and the objector establishes that transfer of the proceeding would be contrary to the interests of the incapacitated or protected person;
“(2) the guardian or conservator is ineligible for appointment in this state; or
“(3) the petitioner fails to comply with the provisions of subsection (a).
“(e) The court shall issue a final order accepting the proceeding and appointing the guardian or conservator as guardian or conservator in this state upon its receipt from the court from which the proceeding is being transferred of a final order issued under provisions similar to Section 26-2B-301 transferring the proceeding to this state and upon compliance with Section 26-2A-139.
*156 “(f) Not later than 90 days after issuance of a final order accepting transfer of a guardianship or conservatorship, the court shall determine whether the guardianship or conservatorship needs to be modified to conform to the law of this state. Such modification may include, among other things, an inventory or an accounting pursuant to Sections 26-2A-146 and 26-2A-147.
“(g) In granting a petition under this section, the court shall recognize a guardianship or conservatorship order from the other state, including the determination of the incapacitated or protected person’s incapacity and the appointment of the guardian or conservator.
“(h) The denial by a court of this state of a petition to accept a guardianship or conservatorship transferred from another state does not affect the ability of the guardian or conservator to seek appointment as guardian or conservator in this state under Chapter 2A of this title, if the court has jurisdiction to make an appointment other than by reason of the provisional order of transfer.”
A transfer begins with the filing of a petition by the foreign guardian or conservator that includes a certified copy of the other state’s provisional order of transfer; an inventory of the protected person’s estate; proof of the conservator’s bond payable to the transferring court; and any final accounting submitted to the prior jurisdiction, § 26-2B-302(a), with the further proviso that if it has not been already submitted, the final accounting to the transferring court must be prepared and submitted prior to acceptance. Notice must be provided to persons who would be entitled to notice if the petition were a petition for an original appointment in both the transferring state and the state in which the transfer petition is filed. § 26-2B-302(b). A hearing on the petition to transfer is required only if requested by the guardian or conservator, the incapacitated or protected person, one of the persons required to be notified of the proceedings, or on the court’s own motion. The court in which the transfer petition has been filed shall issue a provisional order granting a petition unless an objection is made and the objector shows that transfer of the proceeding is contrary to the interests of the protected person; the guardian or conservator is not eligible for appointment in this State; or the petitioner fails to comply with the provisions of § 26-2B-302(a).
The final steps in a transfer petition to which there is no objection are largely ministerial. Section 26-2B-302(e) provides that the court in which the petition has been filed shall issue a final order accepting the guardian or conservator as guardian and conservator in this State upon receiving the final order from the transferring court and upon the furnishing of a proper and sufficient bond to the probate judge in this State in accordance with § 26-2A-139. The transferring court will not issue a final order dismissing the case until it receives a copy of the provisional order from the accepting court. § 26-2B-302(e), referring to § 26-2A-301(f). The Act is designed to avoid gaps in coverage when there is a transfer petition. Because guardianship and conserva-torship proceedings may differ from state to state, § 26-2B-302(f) allows 90 days for the court accepting the transfer to determine whether the guardianship or conser-vatorship needs to be modified to conform to the laws of the state accepting the transfer. Such modification may include an updated inventory or an accelerated accounting pursuant to §§ 26-2A-146 and -147, Ala.Code 1975. Section 26-2B-302(g) provides that in granting the trans *157 fer petition the court shall recognize the guardianship or conservatorship of the transferring state, including the determination of the protected person’s incapacity and the appointment of the guardian or conservator. Last, § 26-2B-302(h) provides that the denial of a transfer petition will not affect the ability of the guardian or conservator to seek appointment in this State as an original proceeding under Chapter 2A the Uniform Guardianship and Protective Proceedings Act.
Sections 26-2B-301 and -302 make it possible to transfer a guardianship or conservatorship between states without re-litigating the issue of incapacity or the transferring state’s appointment of the guardian or conservator. Although §§ 26-2B-301 and -302 also make it possible to transfer a proceeding without relitigating the appropriateness of the choice of guardian or conservator, they also provide for an objection to the issuance of a provisional order if the transfer is not in the best interest or is contrary to the interests of the protected person or the guardian or conservator is ineligible for appointment in this State. The inventory and final accounting required to be filed under the Act, along with the required notice to family members, are to ensure the appropriateness of the transfer. If anyone objects, then the court must determine whether the transfer would be contrary to the protected person’s interest. Here, the probate court appointed a guardian ad litem for the protected person immediately upon receipt of the transfer petition. We note that § 26-2B-301(g) provides for a guardian ad litem to be appointed by the court in cases to be transferred from this state to another state, although there is no similar provision for such appointment in § 26-2B-302 regarding eases to be transferred from another state to this state, as is the matter before us. However, we further note that § 26-2A-52, Ala.Code 1975, allows the probate court to appoint a guardian ad litem “[a]t any time in a proceeding.”
In the present case, the probate court failed to comply with § 26-2B-302. The probate court entered a provisional order granting the transfer but then proceeded to appoint a different conservator and guardian than the one appointed in Kentucky, even though no final guardianship or conservatorship had been created in this State. The letters of guardianship and conservatorship granted to Sears by the State of Kentucky were still in force and were valid, which meant that different appointed caretakers and fiduciaries for Day had conflicting and competing authority. Such a scenario can have grave implications, because law enforcement would be unable to determine which letters of guardianship were correct for the protected person’s residence, and financial institutions would not be able to determine which letters of conservatorship to honor for financial transactions.
It appears that one of Day’s adult daughters disagreed with Sears’s expenditures from Day’s estate. Under § 26-2B-302(d)(1), the daughter could have objected and the probate court could then have held a hearing to determine whether the transfer to Alabama of Sears’s Kentucky guardianship and conservatorship would be in Day’s best interests. Here, the probate court would have erred by appointing any new guardian and conservator, most especially a different guardian and conservator than the one previously appointed by the transferring court, when the only matter properly before the court was the issue whether a provisional order of transfer would be approved. This was clearly beyond the scope of the statute, and the probate court acted without authority in doing so. As a result of the erroneous *158 appointment of the Montgomery County guardian and conservator, Day was subjected to removal from Sears’s home and Day’s estate was subjected to unnecessary fees in this jurisdiction when the Act safeguards the protected person and his or her resources from the transfer of an inappropriate guardianship or conservatorship when it is not in the best interests of the protected person.
The General Uniform Comment to Article 3 states, in part:
“Because guardianship and conserva-torship law and practice will likely differ between the two states, the court in the accepting state must within 90 days after issuance of a final order determine whether the guardianship or conserva-torship needs to be modified to conform to the law of the accepting state. Section 302(f). The number ‘90’ is placed in brackets to encourage states to coordinate this time limit with the time limits for other required filings such as guardianship or conservatorship plans. This initial period in the accepting state is also an appropriate time to change the ■ guardian or conservator in the accepting state. The drafters specifically did not try to design the procedures in Article 3 for the difficult problems that can arise in connection with a transfer when a guardian or conservator is ineligible to act in the second state, a circumstance that can occur when a financial institution is acting as conservator or a governmental agency is acting as guardian. Rather, the procedures in Article 3 are designed for the typical case where the guardian or conservator is legally eligible to act in the second state. Should that particular guardian or conservator not be the best person to act in the accepting state, a change of guardian or conservator can be initiated once the transfer has been secured.”
(Emphasis added.) The appropriateness of Sears to continue to serve as her mother’s conservator or guardian, or whether she had improperly expended estate assets, would have been relevant only regarding the sole issue before the court— whether a provisional order of transfer would be granted. Any changes to the guardianship or conservatorship by the receiving court could be made only after a final order of acceptance had been entered.
Further, because we cannot ascertain whether the probate court’s grant of the transfer petition was coupled with, or, put another way, dependent upon its erroneous appointment of a new guardian and conservator, we are compelled to reverse both aspects of the court’s order. Accordingly, we reverse the judgment of the probate court and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
STUART, PARKER, MURDOCK, SHAW, MAIN, WISE, and BRYAN, JJ„ concur.
MOORE, C.J., concurs specially.

. When the Kentucky court issued its order, both Day and Sears were residents of Kentucky.

. Section 26-2B-302(b) requires that the notice of the transfer-petition request be provided to those persons entitled to notice if the petition were a petition for the appointment of a guardian or the issuance of a protective order in both the transferring state and in Alabama. Sections 26-2A-103 and 26-2A-134, Ala.Code 1975, set out the notice required for a guardianship and a conservator-ship or other protective order. A protective order is defined under the Act as the appointment of a conservator or the issuance of another order related to management of an adult's property. The Alabama Comment to the Act states:
"Alabama retained the definition of ‘protective order’ contained in the Uniform Act in order to insure that orders related to conservatorship issued by other states would be subject to this Act regardless of whether the issuing state uses the term ‘protective order.’ The definition was not intended to extend the jurisdiction of this Act beyond protective orders issued in the context of a conservatorship proceeding. The term 'protective order’ is not intended to encompass orders entered under the Protection from Abuse Act or the Adult Protective Services Act. Rather, this term is narrowly used to refer to orders entered for the protection of one deemed incapacitated to handle their own affairs pursuant to the Alabama Uniform Guardianship and Protective Proceedings Act, Ala.Code § 26-2A-1 et seq. (1975) or pursuant to another state’s guardianship and conservatorship statutes.”
Those required to be notified under Alabama law are: the incapacitated person; his or her spouse and adult children; any person serving as guardian or conservator, or one who has care and custody of the person; if there is no spouse or adult children, the nearest adult relative; and any other person directed by the court. Notice by publication may also be required. See § 26-2A-134, Ala.Code 1975.

. We recognize that there are some counties with local acts addressing appeals from probate court. See, e.g., Act No. 91-13, Ala. Acts 1991 (Mobile County), and Act No. 1144, Ala. Acts 1971 (Jefferson County). Because neither of these counties are involved in this case, we will not address any possible conflict between the local acts and § 12-22-21. We also note that Shelby County and Pickens County have constitutional amendments regarding the exercise of equity jurisdiction in the probate courts in those counties when the probate judge is learned in the law. See Amendment No. 758 (Shelby)(now § 4, Local Amendments, Shelby County, Off Recomp.) and Amendment No. 836 (Pickens) (now § 6.10, Local Amendments, Pickens County, Off. Recomp.). However, neither of these amendments addresses appeals from those probate courts.