SELLERS, Justice.
Fred W. Suggs, Jr., as personal representative of the Estate of Frances W. Gray, deceased, appeals from an order of the Montgomery Circuit Court denying his Rule 60(b), Ala. R. Civ. P., motion for relief from judgments entered by the circuit court on the basis that the court lacked subject-matter jurisdiction to enter those judgments. We affirm in part and vacate the judgments in part.
I. Facts and Procedural History
Frances W. Gray ("the wife") died testate in September 2011, and the Montgomery County Probate Court issued letters testamentary to her husband, Floyd H. Gray ("the husband"), establishing him as the personal representative of the wife's estate. The husband died testate in January 2012, and the probate court issued letters testamentary to Elizabeth R. Gray ("Gray"), establishing her as the personal representative of the husband's estate. The probate court then appointed Suggs as the successor personal representative of the wife's estate. Gray and Suggs thereafter sold the house in which the husband and the wife had lived. They had owned the house as tenants in common; there was no survivorship provision.[1] Before the sale of *228 the house, both Gray and Suggs agreed that the net proceeds from the sale would be held in a trust account at Capell & Howard, P.C., the law firm representing both estates (hereinafter "the law firm"). At some point thereafter, Suggs delivered a letter to the law firm stating that the wife's estate had a "claim" against the husband's estate and instructing the law firm not to disburse any proceeds to the husband's estate until the "matter" was resolved.
On October 5, 2012, while the administration of both estates was pending in the probate court, Gray filed a declaratory-judgment action in the circuit court, asserting that a controversy existed between her and Suggs concerning the disbursement of the proceeds held in the law firm's trust account and, more specifically, asserting that Suggs was withholding consent to disburse that portion of the proceeds belonging to the husband's estate.
On October 16, 2012, Suggs filed a motion to dismiss the declaratory-judgment action, asserting that the circuit court lacked subject-matter jurisdiction over the controversy stated in the action; the circuit court denied the motion. Suggs then filed an answer and a counterclaim, alleging fraud, conversion, embezzlement, breach of the duty of loyalty, and breach of fiduciary duty. The allegations asserted in the counterclaim were not related to the controversy concerning the proceeds being held in the law firm's trust account. Rather, the counterclaim was based on allegations (1) that the wife's estate was entitled to a portion of the proceeds from two certificates of deposit that Suggs alleged had been improperly transferred into the husband's bank account and (2) that the husband's estate was in possession of a diamond necklace that Suggs alleged belonged to the wife's estate.
On August 5, 2013, Gray filed a motion for a summary judgment in the declaratory-judgment action asserting, among other things, that a specific amount of money was being held by the law firm in its trust account; that Gray had authorized the law firm to release from the trust account that portion of the proceeds belonging to the husband's estate; that Suggs had instructed the law firm not to disburse any proceeds to the husband's estate because, according to Suggs, the wife's estate had a "claim" against the husband's estate; that the wife's estate had not filed a claim against the husband's estate in accordance with § 43-2-350, Ala. Code 1975, and any alleged "claim" against the husband's estate would be barred as untimely;[2] and that the husband's estate was due to be paid its portion of the proceeds being held in the trust account.
On December 5, 2013, following a hearing, the circuit court entered a summary judgment in favor of the husband's estate, ordering the law firm to disburse to the husband's estate one-half of the proceeds being held in trust. The court further concluded that, upon the death of the wife, the *229 husband had acquired ownership of the certificates of deposit at issue. Gray thereafter filed a "second motion for summary judgment," asserting that the December 5, 2013, summary judgment in favor of the husband's estate disposed of all issues in the action except the issue concerning ownership of the diamond necklace Suggs alleged belonged to the wife's estate; Gray asserted in the motion that the necklace had been delivered to the wife's estate.
On April 18, 2014, the circuit court granted Gray's summary-judgment motion concerning ownership of the diamond necklace; the court certified its judgment as final as to all issues in the action. See Rule 54(b), Ala. R. Civ. P. Suggs did not file a postjudgment motion pursuant to Rule 59, Ala. R. Civ. P., nor did he file an appeal challenging the merits of the final judgment. Rather, on June 19, 2014, Suggs filed, pursuant to Rule 60(b)(4), Ala. R. Civ. P., a motion seeking relief from both the circuit court's judgments on the basis that those judgments were void. Suggs claimed that the judgments were void because the probate court, and not the circuit court, had jurisdiction over the administration of the estates and, specifically, the allocation and distribution of assets of each estate.
On August 2, 2017, the circuit court, after conducting a hearing, entered an order concluding that Suggs's Rule 60(b) motion was in actuality a Rule 59.1 motion for postjudgment relief that had been denied by operation of law.[3] This appeal followed.
II. Standard of Review
"The standard of review on appeal from the denial of relief under Rule 60(b)(4) [, Ala. R. Civ.P.,] is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."
Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala. 1991).
III. Discussion
A. Timely Filing
As a preliminary matter, Gray asserts that this Court lacks jurisdiction to hear the appeal because, she says, it was untimely filed; she says that the Rule 60(b)(4) motion was filed 62 days after the circuit court entered a final judgment in the action disposing of all issues. We disagree. On December 5, 2013, the circuit court entered a summary judgment in the declaratory-judgment action concluding that the husband's estate was entitled to one-half of the proceeds being held in the law firm's trust account and further concluding that, upon the wife's death, the husband had acquired ownership of the certificates of deposit. On April 18, 2014, the circuit court entered a second summary judgment concerning ownership of the diamond necklace; the court made that judgment final as to all issues in the action. Suggs did not move the circuit court to vacate the judgment pursuant to Rule 59, nor did he file an appeal challenging the merits of the final judgment. Rather, on June 19, 2014, Suggs filed a Rule 60(b)(4) motion seeking relief from both the circuit court's judgments on the basis that those judgments were void. According to Suggs, because the administration of both estates had not been removed to the *230 circuit court, the probate court retained jurisdiction over all controversies concerning the administration of the estates and, specifically, which assets belonged to which estate. The circuit court treated the Rule 60(b)(4) motion as a Rule 59.1 motion that had been denied by operation of law because, it reasoned, Suggs had already raised the issue of jurisdiction in a motion to dismiss filed on October 16, 2012, which was denied. Rule 60(b), however, specifically states that, "[o]n motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding." Rule 60(b) therefore contemplates relief from a final judgment. The fact that Suggs challenged the circuit court's jurisdiction to hear the declaratory-judgment action in a motion to dismiss is irrelevant insofar as Suggs filed a Rule 60(b) motion after the final judgment had been entered in the action. See Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala. 1989) (noting that, although the Alabama Rules of Civil Procedure do not preclude the filing of alternative motions for relief from judgment, "the better practice is to file a Rule 60(b) motion only when there is a final judgment in the case"). Accordingly, Suggs's Rule 60(b) motion, filed 62 days after the entry of a final judgment, was timely. See Ex parte Full Circle Distribution L.L.C., 883 So.2d 638, 643 (Ala. 2003) (holding that "a motion for relief from a void judgment [filed pursuant to Rule 60(b)(4) ] is not governed by the reasonable-time requirement of Rule 60(b)").
B. Subject-Matter Jurisdiction
Suggs contends that the circuit court lacked subject-matter jurisdiction over Gray's declaratory-judgment action because, he says, the administration of both estates remained pending in the probate court when that action was filed in the circuit court and the probate court retained jurisdiction over all controversies concerning the administration of the husband's and the wife's estates and, specifically, which assets belonged to which estate. Gray, on the other hand, contends that the there is no statutory authority granting the probate court jurisdiction to decide a dispute between two separate estates relating to the disbursement of assets outside the control of either estate, here, proceeds from the sale of the house being held by the law firm in its trust account.
The "jurisdiction of the probate court is limited to the matters submitted to it by statute." Wallace v. State, 507 So.2d 466, 468 (Ala. 1987). Section 12-13-1(b)(3), Ala. Code 1975, gives the probate court original and general jurisdiction over controversies relating to the administration of a decedent's estate. However, "[t]he probate court is a court of law and, therefore, generally does not possess jurisdiction to determine equitable issues."[4] Lappan v. Lovette, 577 So.2d 893, 896 (Ala. 1991). The circuit court, on the other hand, is clothed with jurisdiction over equitable matters. Section 12-11-31(1), Ala. Code 1975, provides that the jurisdiction of the circuit court as to equitable matters extends "[t]o all civil actions in which a plain and adequate remedy is not provided in the other judicial tribunals." Accordingly, in this case, although the probate court had original and general jurisdiction over the administration of the husband's and the wife's separate estates and, specifically, *231 the assets of each estate, the probate court did not have jurisdiction to fashion an equitable remedy concerning the assets being held in the law firm's trust account. For this reason, Gray filed in the circuit court a declaratory-judgment action in accordance with Rule 57, Ala. R. Civ. P., and §§ 6-6-220 through 6-6-232, Ala. Code 1975, alleging a controversy between Gray and Suggs-whose legal interests were adverse. Section 6-6-221, Ala. Code 1975, states that the purpose of a declaratory-judgment action "is to settle and to afford relief from uncertainty and insecurity with respects to rights, status, and other legal relations and [the declaratory-judgment act] is to be liberally construed and administered." See also Harper v. Brown, Stagner, Richardson, Inc., 873 So.2d 220, 224 (Ala. 2003) (noting that this Court has recognized "that a justiciable controversy is one that is ' "definite and concrete, touching the legal relations of the parties in adverse legal interest, and it must be a real and substantial controversy admitting of specific relief through a [judgment]." ' MacKenzie v. First Alabama Bank, 598 So.2d 1367, 1370 (Ala. 1992) (quoting Copeland v. Jefferson County, 284 Ala. 558, 561, 226 So.2d 385, 387 (1969) )."). Section 6-6-225, Ala. Code 1975, provides:
"Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, infant, incompetent, or insolvent may have a declaration of rights or legal relations in respect thereto:
"(1) To ascertain any class of creditors, devisees, legatees, heirs, next of kin, or other;
"(2) To direct the executors, administrators, or trustees to do or abstain from doing any particular act in their fiduciary capacity; or
"(3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings."
Moreover, Rule 57, Ala. R. Civ. P., specifically provides that "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." Accordingly, although Gray could have removed the administration of the husband's estate to the circuit court pursuant to § 12-11-41, Ala. Code 1975,[5] she was not required to do so. See In re Dawson's Estate, 346 So.2d 386, 390 (Ala. 1977) (stating that "[w]e see no problem with the jurisdiction of the [circuit] court. The probate court appointed [the] administratrix ad colligendum pending proof of death. While the probate court could have made that decision, or alternatively, the [administration of the] estate could have been [removed to the circuit court pursuant to § 12-11-41, Ala. Code 1975 ], Rule 57 clearly provides that the existence of another remedy does not make a declaratory judgment inappropriate."). Under the facts of this case, the circuit court had subject-matter jurisdiction over the declaratory-judgment action concerning disbursement of the proceeds held in the law firm's trust account. Accordingly, that portion of the summary judgment entered in the declaratory-judgment action, ordering that one-half of the proceeds be disbursed to the husband's estate, is affirmed.
Our discussion concerning the circuit court's jurisdiction, however, does not *232 end here. As indicated, after Gray filed the declaratory-judgment action concerning the disbursement of proceeds being held in the law firm's trust account, Suggs filed a counterclaim concerning ownership of certain assets that were clearly within the probate court's jurisdiction, i.e., the proceeds from the certificates of deposit Suggs alleged had been improperly transferred to the husband's estate and a diamond necklace Suggs alleged belonged to the wife's estate. Because the probate court retained jurisdiction over those estate assets and because the administration of neither estate was removed to the circuit court pursuant to statute, the circuit court's judgments purporting to exercise jurisdiction over those assets are a nullity. In other words, the declaratory-judgment action was limited to a single issue: the distribution of the net proceeds from the sale of the marital residence. Using the declaratory-judgment action to expand the jurisdiction of the circuit court to encompass all the assets of the estates was improper. And, any attempt to have the circuit court consider other issues related to the administration of the estates, absent following the statutory provisions for removal, does not confer jurisdiction on the circuit court, and actions such as those taken in the case are, thus, void.
IV. Conclusion
That portion of the December 5, 2013, summary judgment entered in the declaratory-judgment action concerning the disbursement of proceeds being held in the law firm's trust account is affirmed; that portion of the December 5, 2013, summary judgment concerning the proceeds from the certificates of deposit is vacated; and that portion of the April 18, 2014, summary judgment concerning ownership of the diamond necklace is vacated.
AFFIRMED IN PART; VACATED IN PART.
Stuart, C.J., and Bolin, Parker, Main, and Wise, JJ., concur.
Shaw, Bryan, and Mendheim, JJ., concur in the result in part and dissent in part.
SHAW, Justice (concurring in the result in part and dissenting in part).
An action that is properly under the jurisdiction of a probate court cannot simply be reframed as an action under the Declaratory Judgment Act[6] seeking equitable relief that would be outside that court's jurisdiction. See Bluemly v. Little, 632 So.2d 1334, 1336 (Ala. 1994) (holding that an action seeking to set aside an adoption, over which the probate court would have "primary jurisdiction," could not be brought in the circuit court pursuant to the Declaratory Judgment Act), and Love v. Rennie, 254 Ala. 382, 48 So.2d 458 (1950) (holding that because the probate court had jurisdiction over the probate of a will, an equity court lacked jurisdiction to enter a declaratory judgment construing the will). I am not convinced that the declaratory-judgment action at issue in this appeal presents issues that can be brought only in an action outside the administration of an estate pending in the probate court or that it seeks an equitable remedy the probate court cannot provide. Therefore, as to the portion of the main opinion affirming in part the December 5, 2013, judgment of the trial court, I respectfully dissent.
The will of Frances W. Gray ("the wife") provided that, upon her death, her husband Floyd H. Gray ("the husband") would receive a life estate in her one-half interest in the marital residence. At the husband's *233 death, the will directed, the wife's successor personal representative was to sell the property and the proceeds were to be distributed to her children as part of her residual estate.
In the instant case, the wife and then the husband died, and, for all that appears, both estates are being probated in the Montgomery County Probate Court. The marital residence was sold, and, for whatever reason, the two estates' separate funds from the sale were mingled in a trust account held by a law firm. Apparently, the consent of both personal representatives was required before any of the funds of the separate estates in that account could be released.
Subsequently, the personal representative of the husband's estate, Elizabeth R. Gray ("Gray"), sought to have a portion of the funds, i.e., those owned by the husband's estate, released from the account. However, the personal representative of the wife's estate, Fred W. Suggs, Jr. ("Suggs"), sent a letter to the law firm indicating that a dispute existed as to whether the husband's estate owed the wife's estate money taken from certain certificates of deposit ("CDs") and whether Gray or the husband's estate had possession of a "two-diamond necklace" the wife's will directed to be distributed to her daughter-in-law. Suggs thus directed the law firm that the funds it was holding in its trust account should not be disbursed until those separate disputes had been resolved.
Gray later filed in the Montgomery Circuit Court a declaratory-judgment action against Suggs. In it, Gray alleged that, of the funds in the trust account, the husband's estate owned $54,072.18 and the wife's estate owned $50,072.18.[7] It does not appear from the complaint or the record that there was any dispute that those amounts properly reflected the portions of the funds in the trust account each estate owned from the sale of the marital residence.[8] In her later filed motion for a summary judgment, Gray contended that Suggs recognized that one-half of the proceeds from the sale of the residence was due to be paid to the husband's estate but that he had refused to permit the disbursement of the proceeds "as leverage" in the separate dispute over the CDs and the necklace.
If the complaint is taken at face value as an equitable action seeking declaratory relief, I would tend to agree that the probate court would have no jurisdiction. However, " '[t]he substance of the allegation, and not its form, determines the character of a complaint.' " Bailey v. Faulkner, 940 So.2d 247, 253 (Ala. 2006) (quoting Holland v. Fidelity & Deposit Co. of Maryland, 225 Ala. 669, 670, 145 So. 131, 132 (1932) ). It appears to me that the substance of the action actually challenges Suggs's attempt to control an account containing commingled, but separately owned, funds. Suggs's *234 actions in doing so are clearly an exercise of his powers as the personal representative of the wife's estate. Suggs's purported exercise of authority over the funds held by the law firm is, for all that appears, granted to him by virtue of his being the personal representative of the wife's estate as provided by her will.
The probate court has, and is currently exercising, jurisdiction over the probate of the wife's will-under which Suggs is exercising his purported power regarding the release of the funds. See Ala. Code 1975, § 12-13-1(b)(1) ("The probate court shall have original and general jurisdiction over ... [t]he probate of wills...."). Further, the probate court has jurisdiction over the settlement of accounts of executors. Ala. Code 1975, § 12-13-1(b)(4). Finally, this Court has stated that "the probate court has 'original and general jurisdiction in practically all matters having to do with probate and administration of decedents' estates.' " Ex parte Creel, 719 So.2d 783, 785 (Ala. 1998) (quoting Opinion of the Justices No. 187, 280 Ala. 653, 657, 197 So.2d 456, 460 (1967) ).[9]
Gray's lawsuit, in substance, is seeking to require Suggs, as a personal representative, to properly exercise his powers. The probate court has jurisdiction to supervise Suggs's actions. Although, in form, the lawsuit purports to seek relief by a declaratory judgment, in substance, it asserts that Suggs is simply withholding consent to the release of funds based on the claim that the husband's estate owes the wife's estate some money.[10] Nothing in the substance of that claim appears outside the probate court's jurisdiction, which extends to "practically all matters having to do with probate and administration of decedents' estates." That jurisdiction cannot be transferred to the circuit court by the filing of an action purporting to seek equitable relief, even under the Declaratory Judgment Act. Bluemly, supra, and Love, supra. Specifically, the administration of an estate cannot be split between the probate court and the circuit court. See Ex parte Clayton, 514 So.2d 1013, 1017 (Ala. 1987) ("It would be improper to allow the probate court to have jurisdiction over petitioners' claim and the circuit court to retain jurisdiction over all other aspects of administration."). Further, "[t]he circuit court can obtain jurisdiction over a pending administration of an estate only by removing the administration from the probate court to the circuit court." DuBose v. Weaver, 68 So.3d 814, 821 (Ala. 2011). If a case is not properly removed from the probate court to the circuit court, then the circuit court does not obtain jurisdiction. See McElroy v. McElroy, 254 So. 3d 872, 877 (Ala. 2017) ("[B]ecause the administration of the estate was not properly removed to the circuit court, the circuit court never acquired subject-matter jurisdiction *235 over the administration of the estate or the pending will contest.").
I am not convinced that this case presents issues that can be brought only in a declaratory-judgment action outside the jurisdiction of the probate court, or that it requires an equitable remedy the probate court cannot grant.[11] Therefore, I respectfully dissent from the portion of the main opinion holding otherwise. As to the portion of the main opinion vacating other parts of the circuit court's judgment, I concur in the result.
Bryan, J., concurs.
MENDHEIM, Justice (concurring in the result in part and dissenting in part).
I agree with the main opinion that the circuit court's judgment denying the Rule 60(b), Ala. R. Civ. P., motion filed by Fred W. Suggs, Jr., as personal representative of the estate of Frances W. Gray, deceased, is due to be affirmed, but I would not address the merits of the circuit court's determination as to subject-matter jurisdiction. I disagree with the main opinion that the circuit court's judgment as to Suggs's counterclaims is due to be vacated.
As noted in the main opinion, Suggs filed a motion to dismiss the underlying declaratory-judgment action on the ground of lack of subject-matter jurisdiction. The circuit court denied that motion. Thereafter, the circuit court entered a summary judgment in favor of Elizabeth R. Gray, as personal representative of the estate of Floyd H. Gray, deceased, and against Suggs as to Gray's claims and a summary judgment in favor of Gray and against Suggs as to Suggs's counterclaims for damages. Suggs did not file a timely appeal, but instead filed a motion pursuant to Rule 60(b) on the ground that the trial court lacked subject-matter jurisdiction. The trial court denied Suggs's Rule 60(b) motion, correctly noting that Suggs's challenge to subject-matter jurisdiction had already been addressed on the merits in the underlying litigation and that he had failed to file a timely postjudgment motion as to that issue.
It is well settled that a Rule 60(b) motion to vacate a judgment cannot be used in lieu of filing a timely appeal. See, e.g., MBNA America Bank, N.A. v. Bodalia, 949 So.2d 935, 939 (Ala. Civ. App. 2006) ; Personnel Bd. for Mobile Cty. v. Bronstein, 354 So.2d 8, 11-12 (Ala. Civ. App. 1977). In the present case, the issue of subject-matter jurisdiction was raised in the underlying litigation and was adjudicated on the merits adversely to Suggs. That adjudication, whether correct or erroneous, was within the trial court's jurisdiction because "[a] court has jurisdiction to determine its own jurisdiction." Jefferson Cty. Comm'n v. Edwards, 32 So.3d 572, 583 (Ala. 2009). Suggs could have filed a petition for a writ of mandamus after the denial of his motion to dismiss, but he did not. See Ex parte U.S. Bank Nat'l Ass'n, 148 So.3d 1060, 1064 (Ala. 2014) ("[A] writ of mandamus is an appropriate means by which to review [a nonfinal judgment as to] subject-matter jurisdiction."). Likewise, after the trial court entered its final judgment, Suggs could have filed an appeal within 42 days of that judgment and raised the previous denial of his motion to dismiss as a ground for vacating that judgment and dismissing the underlying case, but he did not. See, e.g., *236 Riley v. Hughes, 17 So.3d 643, 649 (Ala. 2009) (recognizing that the issue of subject-matter jurisdiction may be raised on appeal, even ex mero motu, and that, where it is determined on appeal that a trial court lacked subject-matter jurisdiction, the trial court's judgment must be vacated and the appeal and underlying action dismissed).
Our law is clear that a judgment or order entered by a court lacking subject-matter jurisdiction is void. See, e.g., Ex parte C.E., 91 So.3d 687, 690 (Ala. 2011). But that principle should not be used to set aside a judgment where the trial court-which has jurisdiction to determine the issue of its own jurisdiction-has made an express determination that it has subject-matter jurisdiction and where the dissatisfied party has failed to avail himself of his right to appeal. In such a case, the principles of res judicata apply, as discussed by the United States Supreme Court: "One trial of an issue is enough. The principles of res judicata apply to questions of jurisdiction as well as to other issues, as well as to jurisdiction of the subject matter as of the parties." Treinies v. Sunshine Mining Co., 308 U.S. 66, 78, 60 S.Ct. 44, 84 L.Ed. 85 (1939) (footnotes omitted). See also Restatement (Second) of Judgments § 12 cmt. C (1982) ("When the question of a tribunal's judgment is raised in the original action, in a modern procedural regime there is no reason why the determination of the issue should not thereafter be conclusive under the usual rules of preclusion.").
Accordingly, I would address only the circuit court's ruling on Suggs's Rule 60(b) motion, which, in my opinion, was correctly denied, and pretermit ruling on the underlying merits of the litigation.

The husband and the wife each had children from different marriages. They held some assets jointly and some severally.

See Blackwell v. Williams, 594 So.2d 56, 58 (Ala. 1992) (explaining that § 43-2-350(b), Ala. Code 1975, "requires that all claims against a decedent's estate be presented 'within six months after the grant of letters, or within five months from the date of the first publication of notice, whichever is the later to occur, provided however, that any creditor entitled to actual notice as prescribed by § 43-2-61[, Ala. Code 1975,] must be allowed 30 days after notice within which to present the claim.' Any claims not presented within these time limits are 'forever barred and the payment or allowance thereof is prohibited.' § 43-2-350(b). That section also requires that presentation of all claims must be made by filing a verified claim or statement in the office of the judge of probate of the county where the letters are granted. Id.").

The delay in the ruling on the Rule 60(b) motion was apparently due in part to the retirement of Judge William A. Shashy, who had initially presided over the action.

See Sears v. Hampton, 143 So.3d 151, 159 n. 3 (Ala. 2013) (noting that, by local acts, the probate courts in Jefferson and Mobile Counties share equity jurisdiction with the circuit courts in those counties and that, by constitutional amendments, the probate courts of Shelby and Pickens Counties share equity jurisdiction with the circuit courts in those counties).

Section 12-11-41 provides that "[t]he administration of any estate may be removed from the probate court to the circuit court at any time before a final settlement thereof."

Ala. Code 1975, § 6-6-220 et seq.

Certain other funds were deposited into the account and disbursed, and the parties agreed that the husband's estate would receive a small reimbursement for repairs to the marital residence, thus explaining the different amounts owned by the respective estates.

Although the complaint is critical of the separate claim by Suggs that the husband's estate owed the wife's estate money based on the disputes regarding the CDs and the necklace, there is no request in the complaint that those separate disputes be resolved or that an award from such resolution be set off from the withheld funds. In fact, the circuit court's December 5, 2013, summary judgment appears to award the exact relief requested in Gray's complaint. Nevertheless, if the complaint can be read as alleging such disputes, then, under the holding of the main opinion, the circuit court did not have jurisdiction over them.

I disagree with the statement in the main opinion that Ala. Code 1975, § 12-13-1(b)(3), which provides the probate court with original and general jurisdiction over "[a]ll controversies in relation to the right of executorship or of administration" can be read as giving the probate court jurisdiction "over controversies relating to the administration of a decedent's estate" generally. 719 So.3d at 785-86. Instead, the jurisdiction the subsection provides appears to me to deal with issues relating to the "right of" a person to be an executor or administrator. See Ex parte Creel, 719 So.2d at 785 (holding that § 12-13-1(b)(3) gave the probate court the power to determine whether one was a common-law spouse as an antecedent to deciding whether a party could be named as an administrator of the estate of the alleged common-law spouse).

If Suggs believes that the husband's estate owes the wife's estate some money, then such claim should be pursued in the probate court, and not by an attempt to retain a portion of commingled-but separately owned-funds.

These precise jurisdictional arguments are not raised by the parties on appeal. Even so, the lack of subject-matter jurisdiction is of such magnitude that it cannot be waived, and this Court may take notice of it despite the absence of a specific argument by the parties. McElroy, 254 So. 3d at 875, and Thomas v. Merritt, 167 So.3d 283, 289 (Ala. 2013).